GEORGE HENSON, Respondent, v. ARMOUR PACK-
ING COMPANY, Appellant.

Kansas City Court of Appeals, June 5, 1905.

**MASTER AND SERVANT: Working Place: Dangerous Condition:
Shoring Wall.** Plaintiff, an experienced carpenter, was sent to
brace the shoring of a wall in a deep excavation knowing that
the object was to secure the shoring and make the wall safe.
He was injured by the wall's caving. *Held,* when the work is
dangerous, for the reason that it is to secure and make safe
an unsafe place, the rule of furnishing the servant a safe place
to work has no application and the master is not liable.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teas-
dale,* Judge.

REVERSED.

*Angevine & Cubbison, J. C. Rosenberger* and *I. L.
Lorie* for appellant.

(1) The servant assumes the ordinary risks and
dangers of his employment that are known to him and
those that might be known to him by the exercise of or-
dinary care and foresight. When he engages in a work
to make a place that is known to be dangerous, safe, or
in a work that in its progress necessarily changes the
character for safety of the place in which it is perform-
ed as the work progresses, the hazard of the dangerous
place and the increased hazard of the place made dan-
gerous by the work, are the ordinary and known dangers
of such place, and by his acceptance of the employment
the servant necessarily assumes them. Finalyson v.
Mining & Milling Co., 67 Fed. 510; Armour v. Hahn,
111 U. S. 313; Minneapolis v. Lundin, 58 Fed. 525, 529;
Railway v. Jackson, 65 Fed. 48; Gold Mines v. Hopkins,
111 Fed. 298; Railway v. Jacks, 65 Fed. 48; Railway v.
Billingslea, 116 Fed. 340; Cordage Co. v. Miller, 126

Fed. 495; Porter v. Coal Co. (Wis.), 54 N. W. 1019; Pelaja v. Mining Co., 106 Mich. 463; Broderick v. Railway, 74 Minn. 163; Saxton v. Tel. Co., 84 N. W. (Minn), 109; Wahlquist v. Min. Co. (Iowa), 89 N. W. 98; Rosenbaum v. Railroad, 38 Minn. 173; Bennett v. Railroad, 47 N. Y. Sup. 258, 21 App. Div. 25; Carlson v. Railroad, 21 Ore. 450; Marsh v. Herman (Minn.), 50 N. W. 611; Beesley v. Wheeley, 61 N. W. 658, (Mich.); Steinhauser v. Spraul, 127 Mo. 541; Roberts v. Tel. Co., 166 Mo. 378; Epperson v. Tel. Co., 138 Mo. 293; King v. Morgan, 109 Fed. 49; Wornall v. Railroad, 79 Me. 405.

*W. A. Snook, T. J. Madden* and *Bird & Pope* for respondent.

(1) These statements bear out the testimony of foreman Naylor that Bohls said to him "Send that man Henson over to the hole; the damn thing is about to cave in altogether." If Bohls knew of such fact and had Henson sent over to the excavation without warning he was guilty of a gross neglect of duty. If he warned Henson of the danger he performed his duty to the defendant company and Henson assumed all risks of working in such a dangerous place; but if Henson was not warned then he is entitled to recover. Stephens v. Railroad, 96 Mo. 209; DeWeese v. Mining Co., 128 Mo. 423; Herdler v. Range Co., 136 Mo. 3; Chambers v. Chester, 172 Mo. 461; Hall v. Water Co., 48 Mo. App. 356; Browning v. Kasten, 80 S. W. 354, 107 Mo. App. 59; Carter v. Baldwin, 81 S. W. 204, 107 Mo. App. 217; Ryan v. Tarbox, 135 Mass. 207; Lynch v. Allyn, 160 Mass. 248; Wahlquist v. Mining Co., 116 Ia. 720; Lewis v. Montgomery (Ala.), 16 So. 34; Alledge v. Railroad, 100 Cal. 282; Mill Co. v. Hoyne (Kan.), 63 Pac. 660; Engstrom v. Steel Co., 87 Wis. 106; Boelter Co. v. Lumber Co., 103 Wis. 324; Maltby v. Belden, 45 App. Div. 384; Eicholtz v. Mfg. Co., 68 App. Div. 441; Carlson v. Tel. Co., 63 Minn. 428; Mather v. Rillston, 156 U. S. 391; Thompson v. Railroad, 14 Fed.

564; The Anchoria, 120 Fed. 1017; 14 Am. & Eng. Enc. Law (1 Ed.), p. 857; Shearm. & Redf. Neg. (5 Ed.), sec. 203; Barrow's Neg., 106; Whart. Neg. (2 Ed.), sec. 214, p. 197; 1 Labatt, Master & Servant, sec. 29.

ELLISON, J.—The defendant, through a number of laborers and a foreman, was engaged in digging an excavation about forty-five feet square and twenty-five feet deep in which to lay a foundation upon which to construct a large smokestack. At a depth of near twenty-five feet on three sides and sixteen feet on the remaining side, sloping thence from the bottom of the sixteen feet to the main depth of twenty-five feet, it became necessary to more firmly secure the bank or wall by additional braces to the shoring which had been put in to prevent caving of the bank. Plaintiff was assigned to do the additional work and while doing so, the bank broke or caved in and injured him. He thereupon brought this action for damages and prevailed in the trial court.

It appears from the evidence, chiefly that given by plaintiff himself, that he was a carpenter of some fourteen years' experience and had worked for defendant in general repair work of many kinds. He had done the work of a carpenter in putting in the shoring of the wall in question about a week before the injury for which he sues. On one afternoon defendant's foreman, believing the shoring needed to be made safer or more secure, sent for plaintiff, who was then engaged at another part of defendant's packing house grounds, to come over to the excavation. When he got there the foreman directed him to go into the excavation and proceed to put up braces so as to secure the shoring and hold the bank. He proceeded with the work and while engaged in nailing some of the timbers the wall broke in and he was injured. He stated that the foreman did not tell him that the wall was dangerous, but that he knew the purpose of the

braces was to make the shoring secure and the wall safe, and that they were needed.

We thus have this state of case: the plaintiff, a man in full mental and physical vigor, with an experience of about fourteen years as a carpenter, who had assisted originally in putting in the shoring to secure the wall or bank, was called upon to put braces against the shoring so as to make it safe. He knew that was the purpose and he believed it needed the braces. In other words, he knew that it was unsafe without the braces. He stated that the foreman did not tell him that it was unsafe. The foreman doubtless supposed a man of ordinary intelligence would know that without being told. The order itself, under the circumstances, was the same as if the foreman had said to him: "Here, Henson, that wall is in danger of breaking in; that shoring is not sufficient, it needs attention; go down there and make it safe with braces." And so plaintiff evidently understood the situation, and he proceeded to the work of making safe an unsafe place—a place which had become unsafe during the progress of the work.

There was nothing in the conditions at the place to prevent plaintiff having a full knowledge of all the probabilities and risks. It was a plain matter of a high bank pressing against the shoring until it became necessary to brace it to keep it from falling in. As a carpenter of experience he must have known this as well, or perhaps better, than any other person. In such state of case the master is not liable for the injury which came upon him. [Roberts v. Telephone Co., 166 Mo. 378-383; Finalyson v. Utica Mining Co., 67 Fed. Rep. 507; Moon Anchor Mine v. Hopkins, 111 Fed. Rep. 298; King v. Morgan, 109 Fed. Rep. 446.]

When the work in hand is dangerous for the reason that it is to secure and make safe an unsafe place, the rule, as generally applied, that the master must furnish the servant a safe place in which to work can have

no application. To say that a man can have a safe place to work in an unsafe place is an absurdity.

The judgment, with the concurrence of the other judges, is reversed.