NELLIE COLLETT v. HENRY E. KUHLMAN et al., Appellants.

Division Two, June 1, 1912.

1. **APPEAL: From Order Granting New Trial: Points Considered.** On an appeal from an order of the circuit court granting a new trial, questions not involved in the action of the court in granting the new trial will not be considered by the Supreme Court.

2. **NEGLIGENCE: Contributory: Not Pleaded: Instructions.** In all actions for damages for personal injuries in which the plaintiff, in making out his case, clearly establishes that the injury

was as much the result of his own negligence as of that of the person of whom he complains, the trial court must, as a matter of law, and even though there is no plea, declare that the plaintiff cannot recover, but the mere fact that plaintiff's evidence tends to prove contributory negligence, does not, in the absence of a plea thereof, authorize the submission of that issue to the jury.

3. ————: ————: ————: **Plaintiff's Evidence as Basis for Instruction.** When the deceased was killed by an injury sustained while "throwing" a belt, and there were no eye witnesses, it was error for the trial court to instruct upon the law of contributory negligence, when the defendants had made no plea thereof, and the plaintiff's evidence merely tended to establish such negligence.

4. ————: **Guarding Dangerous Machinery.** Where plaintiff was killed while attempting to "throw" a rapidly moving belt from a pulley revolving on a shaft near a doorway in the basement of defendants' mill, the Supreme Court refuses to say, as a matter of law, that there was no evidence tending to show that plaintiff was entitled to recover on account of the defendants' negligence in not guarding the machinery.

Appeal from Moniteau Circuit Court.—*Hon. W. H. Martin,* Judge.

AFFIRMED.

*R. M. Embry* and *W. G. Pendleton* for appellants.

(1) By an examination of the evidence it will be observed that plaintiff fell far short of making a case under the statute requiring the guarding of machinery or posting notices of danger. Furthermore the question as to whether the machinery on account of its location, and on account of its not being guarded was dangerous or could be guarded was submitted to the jury and that fact was passed on by them and is binding, and again new trial was not granted on this ground. Bear v. Heibel, 103 Mo. App. 622; Lohmeyer v. Cordage Co., 137 Mo. App. 624; Strode v. Box Co., 124 Mo. App. 511; Henderson v. City, 177 Mo. 477. (2) The giving of instruction 9 was no ground for granting a new trial. The plaintiff's pleading and

plaintiff's evidence, and the instructions asked and given by the court on behalf of plaintiff, warranted the court in giving instruction 9 for defendants and the giving of this instruction was no ground for granting a new trial even though contributory negligence was not pleaded by defendants. Hebeler v. Railroad, 132 Mo. App. 551; Whaley v. Coleman, 113 Mo. App. 594; Moore v. Railroad, 146 Mo. 572. (3) The undisputed evidence is that deceased was instructed to remove the belt with the broomstick, and was instructed how to remove the belt with same. Plaintiff in her pleading and in the evidence offered by her that deceased on the day he was injured and previously had removed the belt with his hand. If he did so and such conduct was contrary to the instructions he had received as to how the belt should be removed, then plaintiff can not recover. The evidence as to the instructions given to deceased is undisputed. The giving of this instruction was no ground for a new trial. Moran v. Brown, 27 Mo. App. 487.

*Hazell & Lay* and *Moore & Williams* for respondent.

(1) A demurrer to the evidence on the ground that the plaintiff's contributory negligence appears in her case, will only lie where such negligence affirmatively appears and is shown beyond a reasonable doubt; if it falls short of this and remains a question of fact which might be decided either way, it must be pleaded to be available as a defense. McCormick v. City, 64 Mo. App. 197; St. Vrain v. Columbia Bottom Levee Co., 56 Mo. 290. (2) It must follow in this case that instruction 9 was wrongfully given by the court, and it is very plausible that it persuaded the jury to return a verdict for the defendants to the great prejudice of the plaintiff. Bender v. Railroad, 137 Mo. 240. (3) The instruction on contributory negligence injected

into this case an issue not made by the pleadings.
Wright v. Fonda, 44 Mo. App. 642.

ROY, C.—Plaintiff sued under the statute for the
death of her husband, which occurred while he was
working in defendant's mill in California, Moniteau
county, on May 7, 1906.

The defendants had a verdict and have appealed
from the order granting a new trial.

The mill was run by steam. Adjoining the engine
room was the basement. A shaft conveyed the power
from the engine and extended about thirty-five feet
into the basement. A belt six inches wide ran from a
pulley thirty-eight inches in diameter· and ten inches
wide on this shaft, at an angle of about forty-five de-
grees through the floor to the "corn burr" above.
This pulley was close to the wall of the engine room,
and the top of the pulley was about six feet from the
floor. The belt ran over the top of the pulley and
around under it up to the corn burr. Its ordinary
speed was a hundred and sixty-eight revolutions to
the minute. There was a door near the southeast cor-
ner of the engine room into a passway about four feet
wide in the basment. Adjacent to the north side of
this passway was the pulley, and on the south side of
the passway was the stairway. There were other pul-
leys on the shaft.

Isaac T. Collett was, on the 26th of April, 1906,
employed by the defendants to run their steam engine
in the mill, and to throw belts from pulleys. He had
previously run a threshing machine engine and saw-
mill.

The defendants' evidence tended to prove that
Collett told defendants, when he was employed, that
he had run an engine and flour· mill at Olean, Missouri,
and that he came to them several times for work be-
fore they employed him, and that, when employed, he
was instructed to throw the belt with a stick, and was

shown how to do it, and told never to throw it with his hands.

On May 7, 1906, Collett, Mr. Wood and defendant Meyer, were in the engine room. Meyer told Collett to throw the belt. Collett passed through the door into the basment, and very soon Wood noticed a man's hat fly across the door in the basment, and immediately thereafter Collett was found badly injured, with a fractured skull, lying in the passway near the pulley. He died two days thereafter.

There was no guard about the belts and shafting and no notice of danger was posted in the mill. A broomstick which had been previously used to throw the belt was found, according to evidence for defendants, lying near the pulley in the same position in which it was on the day before.

Defendants' evidence tended strongly to prove that the proper way to throw the belt was with a smooth, round stick; that it was dangerous to throw it with the hands, and that Collett several times threw it with his hands.

The second count of the petition alleged that defendants furnished deceased with an improper tool, a broom-handle, with which to remove the belt, and that the broom-handle, on account of being round, was more likely to be caught between the belt and wheel, and thus cause injury, which defect was known to defendants, but not to the deceased on account of his inexperience; and that count of the petition further stated that defendant Meyer suggested to Collett that he could remove the belt with his hands, the dangers from which were well known to the defendants, and then states that Collett was injured while attempting to remove the belt with the broomstick.

There was no evidence that Meyer suggested to Collett that he could remove the belt with his hands.

The third count of the petition alleged that the machinery was dangerous and that it was not guarded

as required by the statute and that no notice of danger was posted in the mill.

There was no plea of contributory negligence. The evidence for plaintiff tended to show that Collett was very inexperienced in such work and that defendants knew that fact.

The grounds stated by the court for granting a new trial were that error was committed in giving the following instructions in behalf of defendants:

"7. The court instructs the jury that it is not only incumbent on plaintiff to show that her husband was injured by the negligence of defendants, but plaintiff must further show by what he was injured and what act of negligence caused the injury to plaintiff's husband. Mere negligence on the part of defendants accompanied by an injury to plaintiff's husband will not warrant you in finding for plaintiff, and if the jury believe that plaintiff's husband may have been injured in other ways than that complained of in the petition then your verdict must be for the defendants.

"9. The court further instructs the jury that it was the duty of plaintiff's husband to exercise reasonable care to avoid danger while performing his work for defendants and if from the evidence the jury believe that he failed to exercise reasonable care and that the lack of care upon his part directly contributed to his own injury and was the proximate cause thereof, then the jury will find in favor of defendants.

"14. If the jury shall believe from the evidence that the plaintiff's husband received the injury which caused his death in consequence of attempting to remove the belt of defendants' mill by the use of his hand alone, then the plaintiff cannot recover and your verdict must be for the defendants."

I.   The respondents raise several questions not involved in the action of the court in granting a new

Collett v. Kuhlman.

trial. Such questions are not the subject of consideration here. [Haven v. Railroad, 155 Mo. 216.]

II. When the plaintiff, in making out his case, clearly establishes that the injury he complains of was as much the result of his own negligence as that of the party of whose negligence he complains, it is the duty of the trial court, *as a matter of law,* to declare that plaintiff cannot recover.

And that is the case whether there is a plea of contributory negligence or not. But in all other cases, there must be such plea.

The fact that plaintiff's evidence tends to prove contributory negligence, does not, in the absence of such plea, authorize the submission of such issue to the jury. [Hudson v. Railroad, 101 Mo. 13; Milburn v. Railroad, 86 Mo. 104; Schlereth v. Railroad, 96 Mo. 509; McCormick v. City of Monroe, 64 Mo. App. 197; Fechley v. Traction Co., 119 Mo. App. 1. c. 368.]

It follows that the 9th instruction on the subject of contributory negligence should not have been given. The 14th instruction is, in effect, an instruction on contributory negligence, and, for the same reason, should not have been given. We see no error in the 7th instruction.

III. We are not prepared to say, as a matter of law, that there was no evidence tending to show that plaintiff was entitled to recover on account of negligence in not guarding the machinery.

The order granting a new trial is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.