ELLEN WILLIAMS, Respondent, v. UNITED STATES INCANDESCENT LAMP COMPANY, Appellant.

St. Louis Court of Appeals, April 8, 1913.

1. MASTER AND SERVANT: Injury to Servant: Proximate Cause: Placing Third Person in Peril: Sufficiency of Evidence. In an action by a scrub woman employed by defendant, for injuries sustained by reason of falling from a chair while endeavoring to repair a stovepipe which had fallen in defendant's factory, *held* that the evidence warranted a recovery by plaintiff on the theory that the pipe fell through the negligence of defendant and that plaintiff, in attempting to repair it, was endeavoring to prevent injury to defendant's employees and possible fire in the factory.

2. ——: ——: ——: ——: Instructions. In an action by a scrub woman employed by defendant, for injuries sustained by reason of falling from a chair while endeavoring to repair a

stovepipe which had fallen in defendant's factory, the court, at the instance of plaintiff, instructed that if the jury found that the pipe came apart through the negligence of defendant, so that the joint fell down, leaving part of the pipe standing in an upright position, and that fire and flames were then and there being emitted from and coming out of the pipe, and, by reason thereof, the building was about to catch fire, endangering the lives of defendant's employees, and that plaintiff was such an employee, and, in order to save the lives of such employees, got on a chair to replace the fallen pipe, and, failing to replace it, attempted to push or pull it down, in doing which, and while exercising ordinary care, she fell from the chair to the floor and was injured, she was entitled to recover. *Held*, that the instruction covered the facts of the case properly.

3. **INSTRUCTIONS: Refusal: Covered by Other Instructions.** It is not error to refuse an instruction which is covered by another instruction given.

4. **NEGLIGENCE: Proximate Cause: Placing Third Person in Peril.** Where a party attempts to prevent an injury to persons which would naturally result from the negligent act of defendant, and is injured, defendant's negligent act, which necessitated the doing of the act by the injured person, will be considered as the proximate cause of the injury.

5. **MASTER AND SERVANT: Injury to Servant: Instructions.** In an action by a servant for personal injuries, a request to charge that an employer is not an insurer of the employees, and if the jury found that plaintiff's injuries resulted from an accident for which no one was to blame, or were received without any negligence on defendant's part, or were caused by plaintiff's own carelessness, the verdict should be for defendant, was properly refused, because it would have been confusing and apt to mislead.

6. ——: ——: **Instructions: Ignoring Ground of Recovery.** Where plaintiff, a scrub woman, was injured while attempting to replace a negligently constructed stovepipe in defendant's factory, an instruction requested by defendant, that if the jury believed it was no part of plaintiff's duty to replace the pipe, she could not recover, was properly refused, as it did not take any notice of the principal ground of recovery pleaded, namely, that she apprehended imminent danger of injury to or death of other employees unless she acted promptly, and that she acted to prevent such injury or death.

7. **NEGLIGENCE: Contributory Negligence: Instructions: Roving Commission.** In a negligence action, an instruction that, if the jury believed plaintiff was guilty of negligence that

contributed to his injury, he was not entitled to recover, was properly refused, for the reason it did not specify the facts that would constitute contributory negligence.

8. ——: ——: ——: Pleading. It is improper to submit contributory negligence as a defense in a negligence action, unless such negligence is pleaded in the answer.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*A. & J. F. Lee* for appellant.

(1) The evidence fails to show that the supposed negligence of defendant was the proximate cause of the injury sued for, but the same resulted from intervening acts for which defendant was in no way responsible. Chandler v. Gas Co., 174 Mo. 328; Fuchs v. St. Louis, 167 Mo. 649; Lowe v. Railroad, 148 S. W. 956. (2) And whether defendant's alleged negligence either fairly contemplated the occurrence of the injury or it may reasonably be claimed there was an efficient intervening cause of the injury in the negligence of the plaintiff, was a question of fact. Lawrence v. Ice Co., 119 Mo. App. 316; Henry v. Railroad, 76 Mo. 288; Johnston v. Railroad, 150 Mo. App. 304. (3) Plaintiff's instruction No. 1 was erroneous in its assumption and ignoring of facts as to which the testimony was contradictory and in invading the province of the jury as to inferences from facts, and the same was not cured by other instructions. Phelan v. Paving Co., 227 Mo. 666; Lukamiski v. Railroad, 162 Mo. App. 631; Raybourn v. Phillips, 160 Mo. App. 534; Cherry v. Railroad, 163 Mo. App. 53; Enloe v. Foundry Co., Mo., 144 S. W. 852; Packing Co. v. Mertens, 150 Mo. App. 583. (4) Plaintiff's instruction 1 was error in submitting to the jury the question of ordinary care in pushing the pipe over and not doing the same as to mounting the chair, and attempting

to replace the pipe, the former being thus singled out and given undue importance. Miller v. Telephone Co., 141 Mo. App. 475 Lucks v. Bank, 148 Mo. App. 382. (5) Instruction 1 given for plaintiff was erroneous in assuming that it was the right and duty of plaintiff both to attempt to replace said stove pipe and failing therein to push it down, if she thought this necessary. Roberts v. Railroad, 153 Mo. App. 636. (6) Defendant's refused instructions 1, 2 and 3 were supported by evidence and not covered by the instructions given. Edling, Adcock R. E. Co. v. Thompson, 153 Mo. App. 543; Vaughan v. Traction Co., 139 Mo. App. 91.

*Charles E. Morrow* for respondent.

(1) The defendant's negligence placed the lives of its employees in imminent danger of being destroyed by fire. Plaintiff in attempting to save the lives, and while exercising ordinary care, was injured by falling from a chair while she was attempting to replace the stovepipe. The negligence which caused the danger to the lives is the proximate cause of the injury. Donahoe v. Railroad, 83 Mo. 560; Gibney v. State, 137 N. Y. 529, 19 L. R. A. 365; Nagel v. Railroad, 75 Mo. 653; McKenna v. Baessler, 86 Iowa, 197, 17 L. R. A. 310; Griggs v. Fleekenstein, 14 Minn. 81; Glanz v. Railroad, 119 Iowa, 617; Page v. Bucksport, 64 Maine, 51; William v. Koehler, 58 N. Y. Sup. 863; Steel Co. v. Marney, 88 Md. 482, 42 L. R. A. 842; 1 Cooley on Torts (3 Ed.), pp. 134-135; 2 Cooley on Torts (3 Ed.), p. 1454; 29 Cyc. 500. (2) Proximate cause natural though not necessary result of negligent act; not necessary it should have been foreseen. Zeis v. Brewing Assn., 205 Mo. 651; Woodson v. Street Railway, 224 Mo. 708; Phillips v. Railroad, 211 Mo. 442. (3) Plaintiff was not guilty of contributory negligence in getting upon chair and attempting to replace stovepipe. It was her duty as a servant of defendant to save its

property and the lives of its employees. Another one of defendant's servants attempted to do the same thing under the same circumstances at the same time. The jury found plaintiff was exercising ordinary care at the time. 2 Cooley on Torts (3 Ed.), p. 1454; 29 Cyc. 522; Railroad v. Ridney, 114 Tenn. 727; Walters v. Light Co., 12 Colo. App. 145; Hall v. Huber, 61 Mo. App. 384; Segrist v. Arnot, 10 Mo. App. 179; Clark v. Shoe Co., 16 Mo. App. 463. (4) Plaintiff's instruction No. 1 embodied every fact necessary to be found by the jury in order to make the defendant liable. In this instruction the court submitted questions of fact to the jury covering the whole case and this was proper. Heinzman v. Railroad, 182 Mo. 624.

REYNOLDS, P. J.—This is an action by the plaintiff to recover damages for injuries sustained by her while in the employ of the defendant. It appears that plaintiff was a scrub woman in the offices of the defendant company, her employment being to clean and take care of defendant's offices. There was a coal stove in this office to which an ordinary stovepipe was attached, running up a couple of lengths and then with an elbow and a length or more of pipe, running into the pipe hole in the wall or chimney of the office. On the day of the accident and a short time before it happened, some of the young women in the office complained of lack of heat, there being no fire in the stove, and asked plaintiff to make a fire. Not finding any coal she made a fire with kindling and blocks of wood and left the room. A short time afterwards she heard some one in this room screaming and went into it. She testified that she found a part of this pipe lying on the floor. She also testifies that she had noticed that the pipe was not securely in place; that on a former occasion it had fallen to the floor, and that she had called the attention of the manager of defendant to this and to the fact that the pipe as set up was liable

to fall, but that nothing had been done toward supporting the pipe. When she entered the room, as before stated, plaintiff, according to her testimony, saw sparks and flames escaping from that part of the stovepipe still in place. She picked up the fallen joints and attempted to put them in place. The pipe was hot, "red hot," says plaintiff, and she protected her hands against the heat by using a burlap apron which she was wearing. To put the pipe in place she climbed up on a chair and apparently rested on that and on the stove. While she was in this position and endeavoring to push the pipe together, she fell over backwards, striking against a desk, and sustained the injuries of which she complains. Without describing those injuries, it is sufficient to say that according to her testimony and that of a physician who attended her, they are very serious and are permanent, such as to greatly diminish the earning capacity of plaintiff. Plaintiff testified that the room in which this stove was located was filled with loose excelsior and packing of different kinds; that there were valuable materials, which she had been told were worth their weight in gold, used by the defendant company in the manufacture of its lamps, stored there, and that this office was occupied by the manager and three young women stenographers, while on the floor immediately above there were some thirty young women operatives and several other employees in other parts of the building at the time; that the only mode of egress from the building for those on the upper floors was down a narrow stairway, which passed by the door of this office, and that she was afraid that the sparks and flames going up from the disconnected stovepipe would set fire to the material in the room in which was the stove, and if not checked would go through the ceiling, set fire to the building and endanger the lives of the employees and the property of her employer. She testified that her employment was to look after anything that had

to be done in connection with keeping up the fire in this stove and generally discharge such duties as a charwoman is supposed to do in the course of her employment.

At the conclusion of plaintiff's evidence defendant offered a demurrer which was overruled. It then introduced its own evidence. It may be said of this that it flatly contradicted a great many of the most material statements of plaintiff; for instance, defendant's witnesses testified very positively that the pipe had not fallen down at all but that one joint had only separated two or three inches from another joint or from the elbow; that plaintiff had been cautioned not to attempt to replace it and told that there were other people around whose duty it was to do that and who had been summoned but that she persisted in her attempt to replace the pipe.

At the conclusion of the evidence defendant again renewed its demurrer which was overruled. The jury, after having been instructed by the court, returned a verdict in favor of plaintiff for $3500, judgment following. Filing its motion for new trial and excepting to that being overruled, defendant has duly perfected its appeal to this court.

The negligence charged in the petition is the failure of defendant to properly secure this pipe and the reason given by plaintiff for acting in the manner she did was the imminent danger which she feared to the property of defendant and to its employees. The petition further contains the averment that plaintiff sustained the burns and bruises which she had received without any fault or negligence on her part.

The answer was a general denial.

This was clearly a case for the jury, and if the instructions given were correct and those refused properly refused, we are not at liberty to disturb its verdict, of which we may say, that considering the injury which respondent, according to the testimony, un-

doubtedly received, was not excessive. Furthermore, this is the second verdict for a like amount that plaintiff, respondent here, has recovered in this case. That, of course, is not controlling on us, but is suggestive in answer to the complaint that the verdict is excessive and evidence of passion and prejudice.

We see no reversible error in the instructions given at the instance of plaintiff and by the court of its own motion.

The court, in the first instruction given at the instance of plaintiff, covered the facts of the case properly. It told the jury, after a general summary of the issue, that if the jury found that the pipe had come apart through the negligence of defendant so that the joint, together with the elbow, fell down, leaving part of the stovepipe standing in an upright position and the fire and flames were then and there being emitted from and coming out of the stovepipe, and the building by reason thereof was about to catch fire therefrom and be burned and that the lives of defendant's employees were by reason thereof in peril and danger and that plaintiff was at that time an employee of defendant and in order to save the lives of defendant's employees picked up the joint of stovepipe, got upon a chair or chairs to replace it and failed in her attempt and then in order to save the lives of defendant's employees pushed or pulled or knocked the stovepipe down off of the stove and in doing so and while in the exercise of ordinary care fell from the chair and against a desk to the floor and was thereby injured, their verdict should be for plaintiff.

Instructing the jury as to the measure of damages, the court of its own motion told the jury that the burden of proof was on plaintiff to establish by the preponderance or greater weight of evidence the facts necessary to a verdict in her favor under the instructions given. The court also correctly instructed as to the credibility of witnesses and the meaning of the

term "burthen of proof." By the fifth instruction the court told the jury that unless they found from the evidence that the stovepipe separated and that this resulted from negligence on the part of defendant, and if they further found that plaintiff attempted to replace it under circumstances which indicated to a reasonable person in her position that it was necessary to replace the stovepipe in order to save the lives of defendant's employees from peril and danger, their verdict should be for defendant.

The court further instructed the jury, of its own motion, by the sixth instruction as to what constituted ordinary care, saying: "It is such care as a person of ordinary prudence would exercise (according to the usual and general experience of mankind) in the same situation and circumstances as those of the person or persons in this case, with reference to whom the term 'ordinary care' is used in these instructions. The omission of such care is negligence in the sense in which that word is used in these instructions."

At the instance of defendant the court instructed the jury that if they found from the evidence that plaintiff was guilty of negligence in standing upon a revolving chair that was capable of being tilted backwards, and if the jury found that she stood on such a chair and that it was by reason of this negligence that she was injured, plaintiff could not recover in this action and their verdict should be for defendant.

The defendant asked six instructions which were refused. First, that the employer is not an insurer of the safety of the employees, and that if the jury found from the evidence that the injuries plaintiff received were the result of an accident for which no one is to blame, "or were received without any negligence on the part of the defendant, or were caused by her own negligence as that word is defined in these instructions, in either of these events you must find your verdict for the defendant."

The second asked was to the effect that if the jury believed from the evidence that defendant was guilty of negligence which directly contributed to plaintiff's injuries, yet they should find their verdict for defendant if they also found and believed that plaintiff was guilty of negligence which also directly contributed to her injuries.

The third asked was to the effect that if the jury believed from the evidence that it was no part of the duty of plaintiff, as an employee of defendant, to replace the stovepipe, plaintiff cannot recover.

The fourth was as to ordinary care and was almost word for word the instruction given by the court itself.

The fifth was as to the burthen of proof, and the sixth was as to the credibility of witnesses. The matter covered by these last three had already been correctly covered by instructions given by the court of its own motion.

As to the first instruction given at the instance of plaintiff, we see no reason to condemn it. By this and by the fifth given at his own motion, the court carefully, and as we think correctly, instructed the jury as to the facts which would entitle plaintiff to recover.

It is said by Judge Cooley: "The negligence which puts a fellow-being in peril of life or limb is usually held to be the proximate cause of injury to one who attempts, in a prudent manner, to rescue the person in danger. . . . If one is put in peril by the negligence of the defendant and is injured in his attempt to avoid the peril, the defendant's negligence is the proximate cause." [1 Cooley on Torts (3 Ed.), p. 135. See, also, to the same effect Donahoe v. Wabash, St. Louis & Pacific Ry. Co., 83 Mo. 560, as also Eckert v. Long Island R. R. Co., 43 N. Y. 502; Gibney v. State of New York, 137 N. Y. 529; McKenna v. Baessler, 86 Iowa 197; Glanz v. Chicago, Milwaukee & St.

Paul Ry. Co., 119 Ia. 617. See, also, Eversale v. Wabash R. R. Co., 249 Mo..523, 155 S. W. 419.] In all of these cases the rule established is that where a party attempts to prevent injury to persons which would naturally result from the negligent act of defendant and is injured, then the negligence of the defendant which necessitated the doing of this act is to be considered as a proximate cause of the injury. On the application of these rules the case here went to the jury.

The first instruction asked by appellant was confusing and apt to mislead the jury.

The third was correctly refused because it did not take any notice of the principal ground of recovery, namely, that from the situation there present plaintiff had reason to apprehend imminent danger of injury to the persons of the employees unless she acted promptly; that she had reason to apprehend loss of life of the employees unless she acted.

The second refused instruction on contributory negligence was properly refused. Not only was contributory negligence not pleaded, but in this instruction the facts which would constitute negligence were not specified. Such an instruction has been distinctly condemned by our Supreme Court in Benjamin v. Metropolitan St. Ry. Co., 245 Mo. 598, 151 S. W. 91. "Contributory negligence is an affirmative defense, and must be pleaded to be available. . . . And the facts constituting the contributory negligence must be pleaded. . . . If, however, the plaintiff in his effort to make out his own case shows that he was guilty of negligence that contributed to his injuries, he cannot recover, even if there was no plea of contributory negligence." [Benjamin v. Metropolitan St. Ry. Co., supra; Fechley v. Traction Co., 119 Mo. App. 358, l. c. 368, 96 S. W. 421; State ex rel. Savings Trust Co. v. Hallen, 165 Mo. App. 422, 146 S. W. 1171; Collett v.

Kuhlman, 243 Mo. 585, 147 S. W. 965.]    There was no such situation here.

We see no reversible error in the case.    The judgment of the circuit court is affirmed.    *Nortoni* and *Allen, JJ.*, concur.