JAMES C. McGREW v. MISSOURI PACIFIC RAIL-
WAY COMPANY, Appellant.

In Banc, May 4, 1914.

FREIGHT SHIPMENTS: Long and Short Haul: Different Rates:
Constitutional Statute. If a railroad company exacts a higher
rate for shipping coal by the carload a distance of fifty-seven,
miles between two points than it exacts from another shipper
of coal by the carload for transporting his coal a distance
of seventy-five miles between two other points, said company,
under the statute, is liable to the first shipper for the excess
(at least) he was compelled to pay; and such statute (Secs.
3173 and 3211, Revised Statutes 1909) are again held to be
constitutional and were not repealed by the Act of 1887, and
section 12 of article 12 of the Missouri Constitution, authorizing
such statute, is not violative of section 1 of article 14 of the
Constitution of the United States. [Following McGrew v. Rail-
way Co., 177 Mo. 533; Cohn v. Railway Co., 181 Mo. l. c. 45;
and McGrew v. Railway Co., 230 Mo. 496.]

Appeal from Lafayette Circuit Court.—*Hon. Samuel
Davis*, Judge.

AFFIRMED.

*Martin L. Clardy, Robert T. Railey, H. C. Clark*
and *Scott & Bowker* for appellant.

*Alexander Graves* for respondent.

## STATEMENT.

The petition alleges a freight overcharge for one
hundred and ten shipments of coal over the line of
defendant railway and between the stations thereon
of Myrick and Sedalia, a distance of fifty-seven miles,
as contrasted with the rates charged for similar ship-
ments over two other stations of defendant road, Lib-
eral and Grandy, distant from each other seventy-seven
miles. For the transportation between the first two
points the rate exacted was sixty-five cents per ton

by the car load, and between the others the charge was only fifty cents per ton by the car load. That the aggregate of the excess plaintiff was thus compelled to pay, was $16141.91.

Upon the trial it was admitted in open court by counsel for defendant, that the one hundred and ten counts of plaintiff's petition are true and correct. And plaintiff by stipulation, waived his claim for all penalties for violation of the laws upon which his petition was founded. Upon the submission of the case to the court without a jury, judgment was given for plaintiff for the sum stated in his petition as the total of the excess payments made by him. Defendant duly appealed.

## OPINION.

BOND, J. (After stating the facts as above).— Appellant claimed in its amended answer which was stricken out by the trial court, whose ruling it assigned for error: first, that sections 3173 and 3211 of the Revision of 1909, which were enacted in 1872 and brought forward through all the subsequent revisions and are now found without change in our present statute, were in contravention of the State Constitutions of 1865 and 1875, and the Federal Constitution; second, that said acts were repealed in 1887 at an extra session of the Legislature; third, that section 12, article 12, of the Constitution of Missouri of 1875 is in violation of section 1, article 14, of the Constitution of the United States.

If there is any merit in these contentions they are still open to review, for when they were stricken out of its answer, appellant preserved an exception and stood upon its answer without pleading further, and by its appeal has invoked the ruling of this court upon these questions. This, however, is not the first time that duty has been imposed upon this court by appel-

lant. A petition of which the present is a copy except as to dates and amounts of shipments, was before this court for review upon an appeal by the present plaintiff from the judgment sustaining a demurrer of the present defendant in a similar action. [McGrew v. Railroad, 177 Mo. 533.] The theory upon which the lower court dismissed the petition in that case was that the same section of the statute now before this court had been repealed by the act of 1887. Judge GANTT, speaking for this court, held that the trial court had misconceived the law, and that the section of the statute on which that case was bottomed (same as the one on which this petition is founded), was *not* impliedly repealed by the latter act of 1887, and that the petition in that case stated a good cause of action.

This decision, and its ruling as to the sufficiency of a petition framed under this statute to state a cause of action, was approved and repeated in Cohn v. Railroad, 181 Mo. 1. c. 45, and it was followed in the same case which reached the Kansas City Court of Appeals on a retrial after a remand by this court. [McGrew v. Railroad, 118 Mo. App. 379.]

But these litigants finally had the ear of this court In Banc. [McGrew v. Railroad, 230 Mo. 496.] In that decision an eminent lawyer was called to assist this court as special judge. His performance of that duty, is an example of learning, logic and thorough investigation. The conclusions there announced covered every point of attack then made and now made, as to the statutes or constitutional provisions which gave rise to the present case. The discussion is clear and convincing to a demonstration and leaves nothing further to be said on the subject unless we shall paraphrase or republish his language. If we did the former we should hazard the loss of the syllogistic force and clarity of the original: If we did the latter, we should only swell our reports by publishing for a second time what is already contained in them. That

decision contains rulings in a connected and complete form and seriatim, upon every question which is presented on the present appeal. With the decision in that case we are content.

We fully concur in its doctrines, and for the reasons there given, the present judgment is affirmed. All concur except *Graves, J.*, not sitting.