ROBERT B. McDONALD, Respondent, v. CENTRAL ILLINOIS CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 7, 1914. Opinion Filed May 5, 1914.

1. MASTER AND SERVANT: Injury to Servant: Consistency of Defenses: Pleading. In an action for injuries to a servant, pleas of contributory negligence and assumption of the risk are not inconsistent with a general denial, and hence it is error to compel defendant to elect between such pleas and a general denial.

2. ————: ————: Assumption of Risk: Pleading. In an action for injuries to a servant, assumption of the risk is not covered by a general denial, but is an affirmative defense which must be specially pleaded.

3. PLEADING: Compelling Election Between Defenses: Waiver. In an action for injuries to a servant, where defendant pleaded a general denial, contributory negligence and assumed risk, and was erroneously required to elect as between the general denial and such special pleas, its election to rely on the general denial and going to trial did not constitute a waiver of its exception to the ruling compelling it to elect.

4. APPELLATE PRACTICE: Matters of Exception: Review. The erroneous ruling of a trial court, requiring defendant to elect between defenses pleaded, was reviewable, on appeal, where defendant saved its exception by a term bill of exceptions, duly carrying that into the final bill, and again preserving it in its motion for a new trial.

5. MASTER AND SERVANT: Injury to Servant: Admissibility of Evidence. In an action for injuries to a servant, where the petition contained no averment that the plaintiff lacked knowledge of the danger, or that he was inexperienced or ignorant of the work he was ordered to do, evidence tending to prove that he was unaware of the danger by reason of his inexperience, ignorance or unfamiliarity with the particular line of work, was inadmissible, as beyond the scope of the pleadings.

6. ————: ————: Pleading: Variance: Right to Continuance. In an action for injuries to a servant, where the petition contained no averment that plaintiff lacked knowledge of the

danger, or that he was inexperienced and ignorant of the work he was ordered to do, evidence that he was unaware of the danger, by reason of his inexperience, ignorance, or unfamiliarity with the particular line of work, having been erroneously admitted, constituted a material variance from the averments of the petition, and hence defendant, on making the necessary affidavit of being surprised and misled, conformably to Sec. 1846, R. S. 1909, was entitled to a continuance.

7. **INSTRUCTIONS: Failure to Submit Plaintiff's Theory.** Although the point is not presented for decision, the practice of the plaintiff's failing to ask instructions submitting his theory of liability is condemned; following Eversole v. R. R., 249 Mo. 523, and Powell v. R. R., 255 Mo. 420.

## Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED AND REMANDED.

*Roscoe F. Anderson* for appellant.

(1) The court erred in sustaining the motion to compel defendant to elect between the defenses in its answer. Defendant's answer contained a general denial; a plea of assumed risk, and a plea that plaintiff's own negligence caused the injuries. These pleas are not inconsistent. (2) The court erred in overruling the demurrer to the evidence. The petition counts solely on negligence of defendant in failing to furnish plaintiff a reasonably safe place to do the work of his employment under defendant. Not one syllable of evidence was offered in support of these allegations. The undisputed evidence shows a set of circumstances in which the failure to have the ditch shored is no ground for liability, for at the time of his injury plaintiff was engaged in shoring the ditch. The only evidence offered by plaintiff was to the effect that he was inexperienced in the shoring work, and was set to do work with which he was not familiar. Plaintiff must prove the negligence alleged or he cannot recover.

Trigg v. Ozark Lbr. Co., 187 Mo. 237; Huss v. Bakery Co., 210 Mo. 44; Tinkle v. Railroad, 212 Mo. 445. Proof of other and different acts cannot aid him. Kirkpatrick v. Railroad, 211 Mo. 68; Compton v. Railroad, 147 Mo. App. 14; Kaw Fuel Co. v. Railroad, 129 Mo. App. 498; Jones v. Cooperage Co., 134 Mo. App. 324. For injuries received from the danger which plaintiff was engaged in correcting no recovery can be had. Miller v. Walsh, 145 Mo. App. 131; Henson v. Packing Co., 113 Mo. App. 618; Nagle v. Gas Co., 152 S. W. 417. In addition to this, there is no causal connection between plaintiff's ignorance of the shoring and his injury; in these circumstances it was error to submit the case to the jury, even if the petition pleaded sending an inexperienced man into a trench. Small v. Polar Wave Co., 162 S. W. 709. (3) The court erred in overruling the request for a continuance. Defendant did not come into court prepared to meet a charge of plaintiff's inexperience, but to meet those charges pleaded, namely, negligence in not shoring, thereby making the place unsafe. Defendant is not supposed to anticipate unpleaded acts. Trigg v. Lbr. Co., 187 Mo. 237; Compton v. Railroad, 147 Mo. App. 420. (4) The court erred in admitting the evidence of plaintiff's ignorance of the work of shoring. As this charge was not pleaded, the evidence should not have been admitted. See authorities under points 2 and 3. (5) The court erred in refusing defendant's request for an instruction that if plaintiff was engaged in shoring up the ditch at the time he was injured, he could not recover. Miller v. Walsh, 145 Mo. App. 131; Henson v. Pack Co., 113 Mo. App. 618; Nagle v. Gas Co., 152 S. W. 417. (6) The court erred in modifying defendant's instruction number 2, and giving it as modified, number 5. The court added the words, "when conducted in a reasonably prudent manner" without defining or explaining to the jury what standard was to be used.

It is error to use such terms without defining them. Mulderig v. Railroad, 116 Mo. App. 655; Johnson v. Railroad, 117 Mo. App. 308. (7) The court erred in modifying defendant's requested instruction number 3 and giving it as modified, number 6. The court added after the word accident the words "without assignable cause" as a definition thereof. This definition is not correct. Accident is "the happening of an unexpected event, or an event that takes place without one's foresight or expectation." Troll v. Cement Co., 140 S. W. 963.

*Earl M. Pirkey* for respondent.

(1) The averment that plaintiff's injuries were caused by his own negligence is not a plea of contributory negligence and can be shown under a general denial. Ramp v. Metropolitan Street Ry. Co., 133 Mo. App. 704; Cain v. Wintersteen, 144 Mo. App. 4; Allen v. St. Louis Transit Company, 183 Mo. 423. (2) It is not error to strike out a defense, where the same proof can be made under a general denial which remains. Hoover v. Coal Mining Company, 160 Mo. App. 332; Sargent v. Railroad, 114 Mo. 348. (3) Where the danger is not so patent as to deter an ordinarily prudent man from continuing his work, with reasonable safety, the employer is not relieved of liability if injury follows, and in determining whether an employee acts with proper care and prudence, consideration may be given the judgment of the master in directing the work to continue. Hoover v. Coal Mining Company, 160 Mo. App. 329. (4) The master's negligence, if proven or conceded, eliminates the question of assumption of risk. Holman v. Iron Company, 152 Mo. App. 685; Bennett v. Lime Company, 146 Mo. App. 575. (5) Where the foreman tells the servant what to do and where and how to do it, the master must exercise reasonable care for the safety of the serv-

ant. Erwin v. M. & K. Telephone Company, 158 S. W. 922. (6) The servant never assumes risks created by the negligence of the master, however obvious. Bennett v. Lime Company, 146 Mo. App. 575; George v. Railroad, 225 Mo. 406; Jewell v. Bolt & Nut Company, 231 Mo. 199; Strickland v. Woolworth & Co., 143 Mo. App. 528. (7) Where the master has negligently failed to furnish safe appliances or a safe place, and the servant knows it, he can still recover unless the danger is so glaringly threatening that a man of ordinary prudence would not use them. Bennett v. Lime Co., 146 Mo. App. 575; Carter v. Baldwin, 107 Mo. App. 217; Wendler v. People's Housefurnishing Co., 165 Mo. 527; George v. Railroad, 225 Mo. 411; Jewell v. Bolt & Nut Co., 231 Mo. 201. (8) Where the master directs the servant to work in an unbraced trench and the trench caves in and injures the servant because unbraced, the master is liable. Quigley v. Bambrick, 58 Mo. App. 192; Carter v. Baldwin, 107 Mo. App. 217; Scott v. City of Springfield, 81 Mo. App. 312; Deweese v. Meramec Iron Co., 54 Mo. App. 476, 128 Mo. 423; Etledge v. Railroad, 100 Cal. 282; Finn v. Cassidy, 165 N. Y. 584. (9) In work where conditions are changing the master must use ordinary care to keep the place as safe as the nature of the work will permit. DeWeese v. Meramec Iron Co., 54 Mo. App. 476; Same, 128 Mo. 423; Bennett v. Lime Co., 146 Mo. App. 573; Bradley v. Railroad, 138 Mo. 305; Huston v. Railroad, 129 Mo. App. 585. (10) It is not reversible error to fail to define reasonably prudent manner. Johnson v. Railroad, 96 Mo. 349; Ross v. Grand Pants Co., 170 Mo. App. 294; Main v. Hall, 127 Mo. App. 717; Randolph v. Metropolitan St. R. Co., 125 Mo. App. 620. (11) A litigant desiring terms used in an instruction defined should prepare one properly defining it, and ask that it be given. Kirby v. Lower, 139 Mo. App. 677; Rippetol v. Railroad, 138 Mo. App. 402; Dudley v. Railroad, 167 Mo. App. 673. (12) A

party cannot deny and confess and avoid. Bank of Monett v. Stone et al., 93 Mo. App. 294; Dezell v. Fidelity & Casualty Co., 176 Mo. 277; Nelson v. Brodhack, 44 Mo. 596; Dickey v. Porter et al., 203 Mo. 1. (13) Hypothetical pleading is bad. Bliss on Code Pleading, paragraph 317. (14) An accident is the happening of an event proceeding from an unknown cause. Zeis v. Brewing Assn., 205 Mo. 651.

REYNOLDS, P. J.—The petition in this case, seeking damages for injuries to plaintiff, alleged to have been sustained on the 8th of March, 1910, in consequence of the sliding of a bank of a trench in which plaintiff at the time was working in an attempt to shore up the side, avers that for a long space of time next prior thereto, the excavation or place where plaintiff was digging was dangerous and not a reasonably safe place for him to be in while doing the work of his employment, because the sides or walls of the excavation were not shored or propped in any way, and there was nothing to prevent the dirt, stones, etc., composing the soil at and near the excavation, and part of which composed the sides or walls of the excavation, from moving into the excavation, and there was palpable danger of the soil, etc., moving into the excavation unless prevented by shoring or braces or other effective means. "That defendant knew, or by the exercise of ordinary care would have known of the aforesaid dangerous and unsafe condition of said excavation, soil and place where, as aforesaid, plaintiff was digging, and of the danger to plaintiff therefrom while in said excavation, in time, by the exercise of ordinary care, to have remedied said condition and averted the injuries hereinafter mentioned, to plaintiff, yet it negligently failed to do so, but negligently maintained said excavation, the sides thereof, and said soil in the aforesaid dangerous and unsafe condition at and for a long time next prior

to the time plaintiff was injured on March 8, 1910, hereinafter mentioned, and negligently sent him into said excavation to work, all without protection or notice of any kind to him, and negligently failed to furnish him a reasonably safe place in which to do the work of his said employment under defendant.'' Averring that on the date above mentioned, by reason of the negligence of the defendant above mentioned, and while plaintiff was in the excavation at work digging in the discharge of the duty of his employment under the defendant, part of the dirt, stones and objects composing the soil at and near the excavation, because of the dangerous and unsafe condition of the excavation, soil and place where plaintiff was digging, moved into the excavation upon and against plaintiff, thereby injuring him, describing his injuries, to his damage, etc.

The answer to this, after a general denial, avers, first, that the injuries alleged to have been sustained by plaintiff were the direct result of such danger as is ordinarily incident to the employment in which plaintiff was engaged at the time of his injury and that the risk of the injury was assumed by plaintiff by engaging in the employment; second, that the injuries received by plaintiff were the direct result of his own negligence in negligently, voluntarily and unnecessarily entering the excavation, when he might have adopted a safer method of doing his work and shoring up the excavation without entering the same, and that plaintiff was further negligent in that he had voluntarily entered the excavation after being warned by defendant to remain out of it.

Plaintiff filed a motion to require defendant to elect whether it would stand on its general denial or on the remaining defenses pleaded. The court sustained this motion and required defendant to elect. Saving its exception to this action of the court, defendant elected to stand on the general denial. The

cause accordingly went to trial on the petition and general denial.

During the progress of the trial and over the objection and exception of defendant, plaintiff was allowed to testify that he had been told by the foreman to go into the trench and shore up one side of it, and that he did not understand that work. Asked by his counsel if he knew anything about shoring, plaintiff answered that he did not. These two answers, evidently made while defendant was interposing its objections, were duly objected to by defendant, on the ground that they were immaterial and incompetent for the reason that there is no such issue as the igno-- rance and inexperience of plaintiff presented by the petition; no allegation that plaintiff was ignorant of the work; hence incompetent testimony under the issues in the case. Exception was duly saved to the admission of this testimony. Plaintiff was afterwards asked by his counsel if he had had any experience in excavating dirt. This was duly objected to for the reasons above stated and the objection being overruled and defendant duly excepting, plaintiff was permitted to answer that he had not then had any experience at all in that kind of work.

At the close of the testimony for plaintiff, defendant interposed a demurrer which was overruled, defendant saving exception. Defendant thereupon filed an affidavit that it had been misled and had not had an opportunity to properly prepare a defense to the new issue raised by variance between the petition and the new issue raised by the admission of evidence, the variance claimed being this: ''That the proof brought out by the plaintiff . . . has varied from the allegations of the petition to such an extent that defendant has been misled to its prejudice in this, to-wit: Plaintiff's petition charges as its ground of negligence on the part of defendant that defendant's foreman ordered plaintiff to dig in a trench which was unsafe because

of the fact that defendant had failed to shore same, and because of such failure to shore defendant was negligent; however the proof shows that at the very moment of the accident the plaintiff was engaged in the work of shoring up said ditch and that the defendant was negligent in ordering an inexperienced man to the work of shoring up." Wherefore defendant moved for a continuance of the cause. This was overruled, defendant excepting. Defendant thereupon introduced a witness and rested. The jury returned a verdict for plaintiff, judgment following. Filing its motion for new trial and excepting to the action of the court in overruling that motion, defendant has duly appealed.

I am of the opinion, on careful consideration of the case and of the authorities, that the judgment in this cause will have to be reversed for two reasons.

First, I think the court committed error in compelling counsel for defendant to elect as between a general denial and the pleas of assumption of risk and contributory negligence, for that is what those stricken out are, and to rely upon one defense alone. A plea of contributory negligence, an affirmative defense, has never been held to be inconsistent with a general denial, although it has been held it is not always necessary to plead it. So it is held by our Supreme Court in Benjamin v. Metropolitan Street Ry. Co., 245 Mo. 598, l. c. 614, 151 S. W. 91, the court saying, "If, however, the plaintiff, in his effort to make out his own case, shows that he was guilty of negligence that contributed to his injuries, he cannot recover, even if there was no plea of contributory negligence." We cited and quoted this in Williams v. United States Incandescent Lamp Co., 173 Mo. App. 87, l. c. 97, 157 S. W. 130. See, also, Taylor v. Met. St. Ry. Co., 165 S. W. 327, a recent decision by the Supreme Court not yet officially reported. Assumption of risk, is most distinctly an affirmative defense which must be pleaded and has never been held to be covered by a general denial nor

to be inconsistent with a general denial. It is a defense not arising out of the pleadings by any implication but to be pleaded, and if not pleaded not available. In fact I know of no case in which assumption of risk has been allowed to be shown in evidence, unless pleaded.

But it is said that by electing to stand on the general denial and going to trial defendant lost the benefit of his exception to the action of the court in compelling it to elect. White v. St. Louis & Meramec River R. R. Co., 202 Mo. 539, 101 S. W. 14, is the latest case on this proposition. I do not think that decision meets this case. That was a case where a motion to require plaintiff to elect was overruled and defendant pleaded over. The defendant here did not plead over. In effect, the court struck out one of its several defenses and compelled it to stand on a single defense. It was compelled to elect between entirely consistent defenses. Its action in abandoning one or more of its defenses, and standing on a single defense was involuntary. The White case was one in which the defendant pleaded over. There it is said (l. c. 561): "When, then, defendant, as here, refused to stand on its motion to elect, filed answer, went to trial and took the chances of winning or losing on an issue of fact, it abandoned its motion to elect; for a motion to elect is of no more dignity and potency than a motion to make more specific and certain, than a demurrer; or a motion to strike out because of departure, or because of redundant, irrelevant or frivolous matter; and, therefore, I take it, if a defendant is held (as he is) to have waived his demurrer or his motion to strike out or his motion to make an allegation more specific by joining issue on the facts by answer, then, as like reason makes like law, he must, by the same token, be held to have waived his motion to elect by answering over except where the allegations are so contradictory as to be self destructive, and, therefore, no cause of action is stated."

So says Judge LAMM, speaking for Division No. 1 of our Supreme Court. But in none of the cases to which he refers as examples illustrating the rule do I find a case which meets the situation here presented; that is to say, a case in which the motion to elect was filed by plaintiff and against the defenses set up in the answer. All of them are cases in which it was filed against the petition, and the motion being overruled, defendant pleaded over.

It seems to me, from consideration of the sections of the statute to which Judge LAMM refers, namely, what are now sections 1800 and 1804, Revised Statutes 1909, that they do not cover the point here involved. Section 1800 provides that the defendant may demur for certain reasons stated. Section 1804 provides that when any of the matters enumerated in section 1800 do not appear upon the face of the petition, the objection may be taken by answer and that if no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, etc. Turning to other sections, section 1809 provides that the plaintiff may demur to one or more defenses in the answer, and where the answer contains new matter, plaintiff shall reply, and to this reply the defendant may demur within three days; while section 1811 provides that the reply shall be governed by the rules prescribed in relation to answers "and demurrers to the answer or reply shall be governed by those prescribed in relation to *demurrers* to petitions, where they apply; and when a replication is filed, the cause shall be deemed at issue." (Italics mine.) Section 1806, in so many words, allows the answer to contain: "First, a general or specific denial of each material allegation of the petition controverted by the defendant, . . . Second, a statement of any new matter constituting a defense or counterclaim," etc.

I find nothing in these provisions which look to any waiver upon the part of the defendant where a

motion to elect between different but consistent defenses has been filed and when under the compulsion of the order of the court he has been compelled to elect, that by thereupon going to trial he has waived the error, if any, in the action of the court in compelling him to elect. To repeat: Defendant filed no motion to elect; did not plead over. If we may resort to analogy, it would seem that defendant, by a compulsory election between defenses, is very much in the situation of a plaintiff who has brought action against two or more defendants. In the progress of the trial, and under a ruling of the court, he is forced to a nonsuit as to one of the defendants. The case goes to the jury as to the remaining defendant. It has never been held that by proceeding against that defendant alone, plaintiff was debarred from having the action of the court reviewed which forced a nonsuit as to the other, exception having been duly saved. My conclusion is that the action of the court in forcing defendant to elect between its several defenses was reversible error, is not waived by defendant going to trial on its remaining defense, and is open to review here, defendant having saved the point by a term bill of exceptions, duly carrying that into the final bill, and again preserving it in its motion for a new trial.

It is proper to say that this ruling as to election between the several defenses was made by a judge other than the one who tried the cause.

(Since writing and handing down the foregoing, we find that our Supreme Court has very recently had before it one of the questions here involved, namely, whether striking out defenses set up in the answer and forcing the defendant to trial on the answer as it stood with these defenses eliminated, debarred the defendant from challenging that action on appeal. Our Supreme Court holds, as we have here held, that it did not.

[McGrew v. Missouri Pac. Ry. Co., 258 Mo. 23, 166 S. W. 1033.])

Second. We have set out all the material parts of the petition in this case which contain the assignments of negligence. It will be noted that there is no averment whatever either of lack of knowledge of the danger on the part of plaintiff, nor any averment that he was an inexperienced man and ignorant of the work in which he was ordered to engage. A careful reading of the authorities in which the question of accidents from caving in of banks or falling of material upon a laborer have been under consideration, shows that practically all of them dwell upon the fact that the matter of knowledge and experience of the laborer in the particular work in which he was engaged is a very essential matter to be considered in determining the liability of the employer. Without taking up all of them, it is sufficient to refer to a very few typical cases. Thus in Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320, 111 S. W. 919, the fact is dwelt upon and reiterated that the appellant in that case was experienced in the work in which he was engaged and knew one of the effects of removing sacks from a row would be the displacement of overlying sacks and danger to him from the falling of those sacks.

In Henson v. Armour Packing Co., 113 Mo. App. 618, 88 S. W. 166, as a reason why plaintiff could not recover, the Kansas City Court of Appeals dwells very strongly upon the fact that he was a man of full mental and physical vigor, with an experience of about fourteen years as a carpenter and had originally assisted in putting in the shoring to secure the wall or bank which he was called upon to put braces against and to make safe. "In other words," said the court (l. c. 621), "he knew it was unsafe without the braces," and the court said that as a carpenter of experience plaintiff must have known this as well or perhaps better than any other person. "In such state of case the

master is not liable for the injury which came upon him.''

In Trigg v. Ozark Land & Lumber Co., 187 Mo. 227, l. c. 237, 86 S. W. 222, it is said: ''In the brief for respondent the learned counsel make a strong argument based on the theory that the plaintiff was a green hand, that it was negligence to put him to do that work which required skill and experience. That argument is almost a confession that it was a lack of careful operation that caused the accident. We do not care to discuss the evidence on that point, however, because that question is not in this case. The defendant is not in court to answer that charge of negligence. There is nothing in the petition on which to base such a charge nor was the case tried on that theory in the circuit court. If authorities are desired to sustain the proposition that plaintiff cannot allege one act of negligence in his petition and recover on proof of another totally different act, they will be found by reference to the brief of appellant's counsel.''

This is conclusive in this case on this point. A careful consideration of plaintiff's petition fails to show that there is any allegation whatever that the accident was the result of plaintiff going into a place of danger by order of his superior, he unaware of the danger by reason of his inexperience, ignorance or unfamiliarity with this particular line of work—a green hand, in short—put to do an unknown and hazardous piece of work, the danger and its hazardous nature unknown to him by reason of his lack of previous experience or knowledge in that line of work. That is the only theory upon which the admission of this evidence of plaintiff's inexperience and lack of knowledge can be founded. There is no such averment in the petition. The error of admitting this line of evidence is more apparent, when we remember that the defendant's plea of assumption of risk, which might have availed to meet this, was stricken out.

It was improper for the court to allow this line of testimony, in the first place, and, secondly, having allowed it, it constituted a material variance, entitling defendant to a continuance. Defendant took the proper steps, making the necessary affidavit of being surprised and misled and asking a continuance.

The only instruction asked by plaintiff was on the measure of damages. While the point of a failure to ask instructions on the law is not before us, it is not amiss to call attention to the cautionary word—danger signal it may be called—thrown out by our Supreme Court on this in the recent case of Powell v. Union Pac. R. Co., 255 Mo. 420, 164 S. W. 628, l. c. 639. See, also, Eversole v. Wabash R. R. Co., 249 Mo. 523, l. c. 529 and 532, 155 S. W. 419. The soundness of the view expressed by our Supreme Court in these two opinions, if we may be allowed to make any addition to what is there so well said, is obvious, when we remember the oath administered to the jurors, which is in substance, "You' solemnly swear that you will try the issues in this case according to the law as given you by the court and on the evidence before you."

Without going into the case any further and for these reasons, I am of the opinion that the judgment of the circuit court must be reversed and the cause remanded, and it is so ordered. *Nortoni* and *Allen*, *JJ.*, concur.

