## M. L. SANDERS v. THE COMMERCIAL INVESTMENT TRUST.

Western Section. April 14, 1927.

No petition for Certiorari was filed.

1. Appeal and error. An appeal will not lie unless the motion for new trial is spread upon the minutes of the trial court or included in the bill of exceptions.

Where the record did not show that the motion for new trial had been spread upon the minutes of the trial court and it was not included in the bill of exceptions, held that although the motion for new trial was copied in the transcript, it could not be considered since it formed no part of the record.

Appeal in Error from Circuit Court, Dyer County; Hon. R. A. Elkins, Judge.

Affirmed.

R. D. Chambers, of Dyersburg, for plaintiff in error.

R. A. Ashley, of Dyersburg, for defendant in error.

OWEN, J. This is a replevin suit involving the right of possession to one Studebaker automobile. The case was tried before a jury, which returned a verdict in favor of the plaintiff. Defendant appealed. The judgment of the lower court is affirmed because the record contains no motion for a new trial which we can notice. A minute order recites that a motion for new trial was made and overruled. On page 9 of the transcript there appears a motion for a new trial, which doesn't appear to have been filed in the lower court. This motion, however, was not spread upon the minutes of the trial court, nor was it included in the bill of exceptions. It therefore forms no part of the record.

In Chattanooga Iron & Coal Co. v. Hansard, 143 Tenn., 553, 226 S. W., 1045, it was held a written motion for new trial with the transcript which appears to have been filed in the court below, but was not spread upon the minutes of the trial court, and was not included in the bill of exceptions, forms no part of the record, and the action of the court thereon can not be considered. In the Hansard case, the Supreme Court cited and approved Railroad v. Edgerton, 98 Tenn., 541, 41 S. W., 1035; Railroad v. Johnson, 114 Tenn., 632, 88 S. W., 166; Box Co. v. Gregory, 119 Tenn., 537, 105 S. W., 350.

It has been held in Tennessee since Allen v. State, M. & Y., 294, that a memorandum of a motion made below and sent up with the transcript cannot be considered unless made a part of the bill of exceptions. The general rule in other jurisdictions is that a motion

for a new trial must be incorporated into the bill of exceptions in order to be preserved for review on appeal. 2 R. C. L., 127.

For the reasons stated, the judgment of the trial court is affirmed. Defendant will pay the cost, for which execution will issue.

Heiskell and Senter, JJ., concur.