## WILLIS H. HALL, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1912.

1. **MASTER AND SERVANT: Injury to Servant: Contributory Negligence: Question for Jury.** In an action for injuries to a servant from a falling door, while engaged in work which he had been directed to do by his foreman, whether plaintiff was negligent in working amidst dangerous surroundings *held* for the jury.

2. ———: ———: **Negligence of Master: Question for Jury.** In an action for injuries sustained by a servant as a result of a door falling on him while he was engaged in working on it, *held*, there was evidence warranting an inference that the foreman could have made it secure by bracing it, but that he failed to do so.

3. ———: **Safe Place to Work: Duty of Master.** A master must exercise ordinary care to furnish a servant with a place to work as reasonably safe as the character of the work undertaken will permit, and to warn him of known dangers, which are not open but which threaten probabilities of hurt to him.

4. ———: ———: **Duty of Servant: Reliance on Master: Assumed Risk.** Where a master or his foreman retains con-

trol and directs the movements of a servant, the latter may place a reasonable reliance upon the master's care for his safety, and obey such orders as are given, unless danger is apparent; and he does not assume the risk of injury under such circumstances.

5   DAMAGES: Personal Injuries: $2000 Not Excessive.  In an action for personal injuries, where the plaintiff sustained three broken ribs, an injury to his shoulder, and a permanent injury to his back which would preclude him from doing manual labor to any extent, a verdict for $2000 was not excessive.

6.  MASTER AND SERVANT: Injury to Servant: Instructions: Conformity to Pleadings.  In an action for injuries sustained by a servant as a result of a door falling on him while he was engaged in repairing it, where the petition charged generally that defendant breached its obligation to furnish plaintiff a reasonably safe place to work and that its foreman negligently ordered him to work therein, an instruction authorizing a recovery if it appeared that he was working in the place under an order of his foreman and the "door mentioned in the testimony fell and injured and crippled him by reason of the negligence and failure on the part of the defendant to investigate and ascertain the dangerous condition of such door," was proper, under the rule that where the allegation of negligence is general, the instructions may submit any particular act of negligence revealed by the evidence.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*J. L. Minnis, H. W. Johnson* and *G. Pitman Smith* for appellant.

(1)   Plaintiff's petition alleges and the testimony of plaintiff and his witnesses shows that the place where he went to work was not only dangerous but its dangerous condition was patent to all and the very character of the work they were to do was known to all of them to be dangerous; and, therefore, the demurrer at the close of plaintiff's evidence should have been sustained.   Berry v. Kansas City, 128 Mo. App. 374; Hollingsworth v. N. B. Co., 114 Mo. App. 20; Henson

v. Packing Co., 113 Mo. App. 618; Harff v. Green, 168 Mo. 308; Cane v. Railroad, 112 Mo. App. 650; Roberts v. Telephone Co., 166 Mo. App. 378. (2) The instruction, in shape of a demurrer, offered by the defendant at the close of the whole case should have been given because the testimony of plaintiff shows that the work of taking down roundhouse doors, when they needed repair, was work he was familiar with and was considered hazardous and dangerous, and that the condition of the doors, which they were about to take down on the occasion of the accident, was especially dangerous and hazardous to handle. Roberts v. Tel. Co., 166 Mo. 378; Henson v. Packing Co., 113 Mo. App. 618; Cane v. Railroad, 112 Mo. App. 650; Hollinsworth v. N. B. Co., 114 Mo. App. 20; Berry v. Kansas City, 128 Mo. App. 374, Harff v. Green, 168 Mo. 308. (3) Plaintiff alleges that where the work was to be done was a dangerous place and plaintiff, himself, testifies that he had often done such work before and knew that it was dangerous and hazardous and, therefore, it is very clear that plaintiff cannot recover. Henson v. Packing Co., 113 Mo. App. 618; Berry v. Kansas City, 128 Mo. App. 374; Harff v. Green, 168 Mo. 308; Hollingsworth v. N. B. Co., 114 Mo. App. 20.

*John M. Barker, James L. Barker* and *Nowlin & Hughes* for respondent.

(1) It is the duty of the master to use reasonable care to provide for the servant as safe a place for the performance of the service as the character of the work will permit. Bradley v. Railroad, 138 Mo. 293; Bloomfield v. Constr. Co., 118 Mo. App. 254; Holman v. Iron Co., 152 Mo. App. 672; Malkmus v. Cement Co., 150 Mo. App. 446. (2) The negligence of the foreman was the negligence of the master, and when the foreman examined the condition of the doors and post from both the inside and outside of the roundhouse, it was his duty to have first braced or secured them before at-

tempting to take them down so that they would not fall and injure plaintiff, and in not so doing he was negligent. Higgins v. Railroad, 43 Mo. App. 547; Jarroll v. Coal Co., 154 Mo. App. 552. (3) When a servant, in the course of his work, assumes a position of danger in obedience to the order of his master, and sustains damages in consequence owing to the negligence of the master, his knowledge of the danger of the position assumed by him will not constitute contributory negligence and preclude his recovery of damages, unless the danger was so glaring that even a servant in a position of subordination and under a duty of obedience, would, in the exercise of ordinary care, have refused to enter into it. Whether such obedience on the part of the servant constitutes contributory negligence is ordinarily a question of fact for the jury. Fogus v. Railroad, 50 Mo. App. 250; Larson v. Mining Co., 71 Mo. App. 512; Halliburton v. Railroad, 58 Mo. App. 27; Higgins v. Railroad, 43 Mo. App. 550; Burkard v. Rope Co., 217 Mo. 481. (4) The plaintiff had a right to rely on the judgment of defendant's vice-principal, Foreman Barton, who was present and aiding in and directing the work, and to assume that the method adopted for doing the work was reasonably safe. Whether the plaintiff knew of the danger to be anticipated was a question for the jury. The servant is not, at the peril of being discharged, bound to set up his judgment against his master's about things over which there can be a difference of opinion in the minds of prudent persons. Higgins v. Railroad, 43 Mo. App. 547; Flynn v. Railroad, 78 Mo. 196; Stephens v. Railroad, 96 Mo. 213; Monahan v. Clay & Coal Co., 58 Mo. App. 68; Stutzke v. Ice & Fuel Co., 156 Mo. App. 1; Fogarty v. Transfer Co., 180 Mo. 490; Dodge v. Coal & Coke Co., 115 Mo. App. 501; Keilty v. Construction Co., 121 Mo. App. 58; Jewell v. Bolt & Nut Co., 231 Mo. 176.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

The principal question for consideration relates to the prima facie liability for the injury. Defendant owns and operates a roundhouse at Moberly, Missouri, for the housing of its locomotive engines, and plaintiff was in its employ as a bridge carpenter. Defendant's roundhouse is partitioned off into stalls into which locomotive engines are run upon the tracks. Large doors are provided in connection with each stall, to be closed after the locomotive is at rest therein. These doors are described in the evidence as being about sixteen feet high, six feet in width and three inches in thickness. Large posts, about twelve inches by eighteen inches, are erected between the different stalls in the roundhouse, and the doors are swung by immense hinges upon such posts. It is said each of the doors above described weighs something near 1000 pounds. On the evening before plaintiff was injured, a locomotive engine in some manner collided with one of the posts on which a door was swung and dislodged it to some extent. As a result of the collision, the post was pushed in about four inches at the bottom and out in the opposite direction about ten inches at the top. This occasioned the heavy door to sag upon the ground floor of the roundhouse so that it could not be moved. Defendant's foreman in charge of his gang of bridge carpenters was directed to make the necessary repairs, and entered the roundhouse about seven o'clock in the morning with his men, for that purpose. Upon approaching the work, the foreman ordered plaintiff and another to get a ladder and place it in position near the leaning door, to the end that a man might go above and attach a rope to the door for the purpose of anchoring it to the roof of the vestibule so it might be moved or let down with safety. In obedience to this order, plain-

tiff and his companion, Bailey, approached with the
ladder and were engaged in the act of installing it when
the door fell upon plaintiff and inflicted severe and
permanent injuries. At the time of his injury, plaintiff
was standing not far from the door, with his back to-
wards it and his head downward, engaged in the act of
holding the base of the ladder on the floor of the
stall, while his companion, Bailey, was rearing the
outer end thereof in position, and while thus engaged,
the large, heavy door, weighing about 1000 pounds,
fell upon him.

The suit proceeds as for the breach of the obliga-
tion of the master to furnish plaintiff a reasonably safe
place to work, and the petition avers, too, that de-
fendant's foreman, with full knowledge of the dan-
ger, ordered plaintiff into the dangerous situation, and
the instructions submitted these matters to the jury.
It is argued that the court should have directed a ver-
dict for defendant because the place was obviously
dangerous and the office of plaintiff involved the ren-
dering of an unsafe place to be a safe one. It is said in
such circumstances the servant assumes the risk of in-
jury as one ordinarily incident to the employment.
There may be, and no doubt are, cases in which the
servant takes the risk incident to the rendering of an
unsafe place a safe one, when he proceeds in his own
way without directions from the master, or his vice-
principal, touching the repair or dismemberment of
the building, but obviously this is not one of them. The
evidence reveals that, because of smoke and soot
emanating from the locomotives, it was rather dark
in the roundhouse at that hour in the morning, and,
though plaintiff says he knew the work inhered with
some dangers, it appears that the dangerous condi-
tion of the door was by no means open and obvious to
him. Certainly the situation does not present such an
open and obvious danger as to preclude plaintiff's re-

covery on the grounds of contributory negligence, as a matter of law, for the door had stood securely, unattended, though it leaned, and had done so since the evening before. It cannot be said that no ordinarily prudent person, exercising due care for his own safety, would undertake to go about it, and it appears that plaintiff had made no inspection on his own account, for he relied upon the foreman to do so. The foreman testified that he personally examined the condition of the door before he ordered plaintiff into the situation of danger and that he knew it was dangerous but did not inform plaintiff to that effect. And it appears, too, there was nothing about the condition observable as threatening the imminent falling of the door on such a casual inspection as the servant when working under orders from his foreman usually makes. From the facts and circumstances in evidence, the jury were authorized to infer that by slight effort on the part of the foreman, the door could have been braced and made entirely secure while the men were working about it but nothing was done to that end. There can be no doubt that the obligation rests upon the master to exercise ordinary care to furnish the servant with a place as reasonably safe to perform his labor as the character of the work undertaken will permit. The obligation includes, too, the duty of the master to warn the servant of such dangers as he may know and which are not open and threatening probabilities of hurt to the employee. Especially is this true in those cases where the master retains control of and directs the movements of the servant, himself or through his foreman or vice-principal, for in such circumstances the servant may rely to a reasonable extent upon the master to look out for his safety, and thus relying, it is his duty to obey orders unless imminent danger is apparent. The risk of injury to the servant involved in such cases is not among those assumed as ordinarily incident to the employment, for they are known to the master and

unknown to the servant, and the master's negligence thereabout entails the breach of his obligation to exercise ordinary care. We believe the following authorities to be directly in point: Bradley v. Chicago, M. & St. P. R. Co., 138 Mo. 293, 39 S. W. 763; Bloomfield v. Worster Const. Co., 118 Mo. App. 254, 94 S. W. 304. The court did not err in declining to direct a verdict for defendant and in referring the case to the jury.

The jury awarded plaintiff a recovery in the amount of $2000, and it is argued the verdict is excessive, but we are not so persuaded. It appears that by the falling of the door on plaintiff three of his ribs were broken and an injury inflicted upon his back as well. He suffered, too, some slight scratches about the face and head and an injury to his shoulder. He suffered much pain and has been disabled from performing heavy manual labor. The attending physician testified that, while plaintiff would finally fully recover from the injury to his ribs, the injury to his back would trouble him through life and prevent him from doing manual labor to any great extent. It appears he received a slight injury to his wrist, too, and that in all, besides being laid up for some time he suffered considerable pain and agony. It, therefore, appears that, among other injuries, plaintiff suffered a permanent injury to his back and in view of this we believe the amount awarded to be a moderate recovery.

Among other things, the petition charges in general terms that defendant breached its obligation to furnish plaintiff a reasonably safe place to work and its foreman negligently ordered him therein. Plaintiff's second instruction authorized the jury to find for him if it appeared he was working in the place in obedience to the orders of the foreman, Barton, and the "door mentioned in the testimony fell and injured and crippled him by reason of the negligence and failure upon the part of defendant to investigate and ascertain the dangerous condition of said door." It is argued that

these words submitted a predicate of recovery not authorized by the petition, but we are not so persuaded. The place in which plaintiff was ordered by the foreman to work was rendered dangerous and unsafe from no other cause than the condition of the door. It was defendant's duty to exercise ordinary care to render the place reasonably safe. If, by exercising such care, it could have ascertained the dangerous condition of the door which rendered the place unsafe, and it did not, then it breached its obligation touching the duty to furnish a reasonably safe place. In this view, we regard the matter as within the general averment of the petition pertaining to a safe place and properly submitted to the jury, for when the allegation is a general one, as here, the proper course is to submit by instruction the particular act of negligence revealed in the evidence. [Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 268; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045.]

We have carefully examined all of the instructions given for plaintiff and find them to have fully and fairly submitted the issue to the jury and they required as well a finding that plaintiff was without fault on his part. Complaint is made here of the refusal of the court to give several instructions requested by defendant but it very properly refused them, each and all, for in effect these requests embodied a peremptory direction to find for defendant on the grounds that plaintiff had taken the risk and, obviously, such is not the law of the case. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.