ROBERT B. McDONALD, Respondent, v. CENTRAL ILLINOIS CONSTRUCTION COMPANY et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted October 24, 1916. Opinion Filed November 6, 1916.

1. MASTER AND SERVANT: Injury to Servant: Assumption of Risk: Making Dangerous Place Safe. The rule, that the master is not liable to the servant for injuries sustained while engaged in making a dangerous place safe, has no application where the servant has no supervision or control over the work of making the unsafe place safe, no duty to inspect, and no right to determine the time or manner of doing the work, is not his own boss, and is doing a mere detail of the work under the immediate control, orders and direction of a foreman, who has complete charge and control of the whole work.

2. ———: ———: ———. A servant never assumes the risk of his master's negligence.

3. ———: ———: Contributory Negligence. The fact that a servant had knowledge that the place in which he was working was dangerous, is a fact to be considered under a plea of contributory negligence; but such knowledge precludes a recovery on the ground of contributory negligence, only when the danger is so obvious that a man of ordinary prudence would have refused to work there, under the circumstances.

4. ———: ———: ———. Although an experienced eye would have seen that the wall which fell upon and injured a servant who was engaged in shoring it up, was in immediate danger of falling, nevertheless, in view of the fact that the servant was utterly inexperienced and did not know that it was dangerous and the danger was not so obvious that a man of ordinary prudence would not have worked there, he was not guilty of contributory negligence as a matter of law.

5. ———: ———: Instructions: Assuming Facts: Commentary on Evidence. In an action by a servant for personal injuries, an instruction that, in accepting employment, plaintiff assumed all the ordinary dangers pertaining thereto, "and, should the jury find from the evidence that the injuries sustained by plaintiff, if any, were the result of an accident, and not the negligence of defendants, as explained in other instructions, liable to occur in the performance of the work in which he was engaged, but was a risk incident thereto," he could not recover, was not erroneous, as indicating the

opinion of the trial judge as to the facts, nor as assuming that defendants were negligent.

6. ———: ———: Instructions: Applicability to Issues. Said instruction was not vulnerable to the objection that it authorized a verdict on a theory of negligence not pleaded, by indicating that if defendants were guilty of any sort of negligence, plaintiff could recover, and this is true notwithstanding another instruction gave the usual definition of "ordinary care" and charged that the "omission of such care is negligence, in the sense in which that word is used in the instruction;" the instruction not purporting to state the circumstances under which plaintiff might recover, but merely, in general terms, wholly favorable to defendants, narrowing the field of liability.

7. ———: ———: Pleading: Inexperience of Servant. In an action by a servant for personal injuries, an allegation in the petition that the place at which plaintiff was working was unsafe, that defendant knew, or by the exercise of ordinary care would have known, of such condition, and negligently sent him into the place to work, without protection or notice of any kind, although he was ignorant and inexperienced in the premises, and defendants knew that he was, and that plaintiff was injured "by reason of the negligence of defendants above mentioned," was a sufficient statement to warrant the admission of evidence of plaintiff's inexperience.

8. DAMAGES: Loss of Time: Instructions: Limitation. In an action for personal injuries, the evidence tended to show that plaintiff was employed as a laborer at two dollars per day, at the time he was injured, and that that had been his vocation prior to that time, but that, subsequently, he did some work, the exact nature of which is not disclosed, in a small grocery store, and also worked "at the butcher business." The instruction on the measure of damages permitted a recovery for the "loss, if any, of the earnings of plaintiff's work as a laborer, which the jury may believe from the evidence he has sustained by reason of his injuries; such earnings, if any, to be based on the rate not exceeding two dollars per day. Held, that defendants' contention, that plaintiff's recovery should have been limited to the difference between what he actually earned and what he should have earned, is drawing too nice a distinction in the use of language.

9. ———: Instructions: Waiver of Generality. If the defendant wishes the instruction on the measure of damages to be more explicit, he should make a request to that end.

10. ———: Instructions: Refusal: Matters Covered by Other Instructions. In an action by a servant for personal injuries, the refusal of an instruction, that plaintiff could not recover for permanent insomnia, was not reversible error, where the court instructed that plaintiff could not be allowed anything for permanent nervous injuries and shock, since the latter instruction sufficiently excluded insomnia, which is but a symptom of nervous injury and shock.

11. **APPELLATE PRACTICE**: Refusal of Instructions: Review: Excessive Number of Instructions. The appellate court will not critically examine refused instructions, to determine whether or not they should have been given, where the party who asked for same requested so great a number of instructions as to tend to produce confusion and resultant error.

12. ———: Review: Necessity of Raising Point in Motion for New Trial. The objection that the verdict is contrary to the instructions is not available to appellants, where it was not called to the attenion of the trial court in the motion for a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*Anderson, Gilbert & Levy* for appellant, Central Illinois Construction Company.

*John B. Hardaway* for appellant, St. Louis Electric Bridge Company.

(1) The court erred in overruling the demurrers to the evidence. Plaintiff was ordered to shore the ditch and it is an absurdity to say that the master should have shored so that the plaintiff could do the work of shoring. Henson v. Pack. Co., 113 Mo. App. 621; Miller v. Walsh, 145 Mo. App. 135; Batty v. Power Co., 79 N. Y. App. 47; Coal Co. v. Bruzas, 223 Ill. 601. Where a servant does not say anything to the master about a situation he thinks dangerous, he cannot recover for injuries therefrom. Warmington v. Railroad, 46 Mo. App. 170; Harris v. Railroad, 40 Mo. App. 265. Where the servant trusts to his own judgment, there is no recovery. Jones v. Cooperage Co., 134 Mo. App. 329. And where the interpreting facts are undisputed, he will not be permitted to say he relied on the master. Knorpp v. Wagner, 195 Mo. 668, 665. When the order to shore was given, plaintiff thought the bank was dangerous and likely to fall if not shored and said nothing to the foreman about the danger. In these circumstances no recovery can be

had. Haviland v. Railroad, 172 Mo. 106, 117. He does not in such circumstances rely 'on an assurance of safety from the master. In addition to the fact that plaintiff says he understood the wall was likely to fall, the order to shore in itself was notice of the danger. Henson v. Pack. Co. 113 Mo. App. 621, (2) The court erred in giving instructions numbers 3 and 7 of its own motion. (a) Instruction 3 assumes that defendants were negligent. By it the jury are told there can be no recovery if the ''injury sustained by plaintiff, if any, was the result of an accident and not the negligence of the defendants, as explained in other instructions.'' The instruction says injury, ''if any,'' but assumes the negligence. Such assumptions are erroneous: Bryan v. Lamp Co., 176 Mo. App. 729; Stone v. Hunt, 94 Mo. 475, 480; Comer v. Taylor, 82 Mo. 341, 347; Plummer v. City, 70 Mo. App. 601; Glover v. Railroad, 129 Mo. App. 563, 575; York v. Everton, 121 Mo. App. 645; Muncie v. Bevier, 124 Mo. App. 15; Evans v. City, 76 Mo. App. 22; Morrell v. Lawrence, 203 Mo. 363, 380. (b) This instruction does not correctly state the law. Verdict should not be for defendants only in event the plaintiff's injuries resulted from accident and not from ''the negligence of defendants,'' but must be for defendants if the injuries did not result from the particular acts pleaded. By this instruction 3 the jury are told to find a verdict for defendants if plaintiff's injuries resulted from accident and ''not the negligence of the defendants, as explained in other instructions.'' There are no other instructions explaining the ''negligence of defendants'' and this instruction is reversible error. By instruction 7 ordinary care is defined and the jury are told ''the omission of such care is negligence in the sense in which that word is used in these instructions.'' If instruction 7 be taken as defining defendants' negligence, then a verdict is authorized for omission to use ordinary care and this is broader that the petition. A verdict cannot stand where there are specific allega-

tions of negligence, and the instruction merely authorizes a recovery for failure to use. care. Beave v. St. Louis Transit Co., 212 Mo. 331, 351; Abbott v. Railroad, 83 Mo. 271, 278; Price v. Railroad, 72 Mo. 414, 419; Dalton v. Refining Co., 188 Mo. App. 529, 548; Feldeworth v. Railroad, 181 Mo. App. 640; Clark v. Motor Car Co., 177 Mo. App. 623, 628, 629; Crone v. St. Louis Oil Co., 176 Mo. App. 344, 349; Bryan v. Lamp Co., 176 Mo. App. 728. (3) The court erred in admitting evidence of plaintiff's inexperience. There is no averment in the petition under which this evidence was admissible. It is true there is an allegation he was inexperienced, but this inexperience is in no way alleged to be connected with plaintiff's injuries and such causal connection is essential. Bryan v. Lamp Co., 176 Mo. App. 716, 728. (4) The court erred in giving instruction number 2 on the measure of damage. By this the jury are directed to allow plaintiff his "loss, if any, of the earnings of plaintiff's work as a laborer." Plaintiff, who is entitled to recover, cannot recover his loss of earnings from a particular occupation. He may have worked at some other occupation (as plaintiff did). The proper measure is the difference between his earnings, no matter from what occupation he may have subsequently derived an income. (5) The court erred in refusing to give instruction number 25, directing the jury they could allow plaintiff nothing for permanent insomnia. This element of damage was pleaded and the petition was read at length to the jury. No evidence was offered to prove it and the jury should have been directed, as requested, to allow nothing of it. Where defendant desires a specific instruction it must be asked. Fisher v. Transit Co., 198 Mo. 591. (6) The verdict is against the law, and the evidence, and was the result of passion and prejudice on the part of the jury. A verdict contrary to the instructions cannot stand. Allen v. Transit Co., 183 Mo. 411, 432; Rafferty v. Railroad, 15 Mo. App. 559. (7) The court

erred in overruling the applications for a continuance. Defendant did not come into court prepared to meet a charge of plaintiff's inexperience, but to meet those charges pleaded, namely, negligence in not shoring, thereby making the place unsafe. Defendant is not supposed to anticipate unpleaded acts. McDonald v. Const. Co., 183 Mo. App. 415; Trigg v. Lbr. Co., 187 Mo. 237; Compton v. Railroad, 147 Mo. App. 420.

*Earl M. Pirkey* for respondent.

(1) Where the master directs the servant to work in an unbraced trench and the trench caves in and injures the servant because unbraced, the master is liable. Barnard v. Waverly Brick and Coal Company, 189 Mo. App. 417; Quigley v. Bambrick, 58 Mo. App. 192; Carter v. Baldwin, 107 Mo. App. 217; Scott v. City of Springfield, 81 Mo. App. 312; Deweese v. Meramec Iron Co., 54 Mo. App. 476, 128 Mo. 423; Etledge v. Railroad, 100 Cal. 282; Finn v. Cassidy, 165 N. Y. 584; City of Chattanooga v. Powell, 179 S. W. 808, 133 Tenn. 137. (2) The rulings made on a former appeal are the law of the case when it comes before the court on a second appeal; and all matters passed upon in the former decision will be deemed *res adjudicata* and no longer open for dispute. Chapman v. Railroad 146 Mo. 494; Miller v. Town of Canton, 123 Mo. App. 333; Brummell v. Harris, 162 Mo. 403. (3) The servant assumes such risks only as are incident to work after the master has performed his full duty. Fleming v. What Cheer Mining Company, 186 S. W. 1115; Erwin v. Tel. Co., 173 Mo. App. 535; Bennett v. Lime Company, 146 Mo. App. 575; George v. Railroad, 225 Mo. 406; Jewell v. Bolt and Nut Company, 231 Mo. 199; Strickland v. Woodworth & Co., 143 Mo. App. 528. (4) Where eleven or more instructions are asked, the trial court is justified in refusing all or any number less than all of those asked on the ground of their number alone. Renshaw v. Fireman's Ins. Co., 33 Mo.

App. 400; Barrie v. Transit Company, 119 Mo. App.
52; McAllister v. Barnes, 35 Mo. App. 674; Cutts v.
Davidson, 184 S. W. 921; Sidway v. Missouri Land
and Live Stock Co., 163 Mo. 376.   (5) It is not error
to refuse a cautionary instruction unless there is an
abuse of discretion.   Wiedemann v. St. Louis Taxicab
Company, 182 Mo. App. 529.   (6) It is not error to re-
fuse any instruction where its substance is covered
by an instruction given.   Wiedemann v. Taxicab Co.,
182 Mo. App. 529; Flaherty v. Transit Co., 207 Mo.
338; Trebbe v. American Steel Foundries, 185 S. W.
179; Missouri Valley Bridge and Iron Co. v. Blake,
231 Fed. Rep., 417.   (7) A servant injured in doing
work is not chargeable with selecting the more danger-
ous method of work where he is doing it as ordered
by the master's foreman.   Henson v. Pascola Stove
Co., 190 Mo. App. 471; Barnard v. Waverly Brick
and Coal Co., 189 Mo. App. 421; Erwin v. Telephone
Co., 173 Mo. App. 532.   (8) Where the master has
negligently failed to furnish safe appliances or a
safe place, and the servant knows it, he can still re-
cover unless the danger is so glaringly threatening
that a man of ordinary prudence would not use them.
Bennett v. Lime Co., 146 Mo. App. 575; Carter v.
Baldwin, 107 Mo. App. 217; Wendler v. People's
Housefurnishing Co., 165 Mo. 527; George v. Railroad.
225 Mo. 411; Jewell v. Bolt and Nut Co., 321 Mo. 201.
(9) The law does not permit a party litigant to as-
sume inconsistent positions in court.   Bensieck v. Cook
110 Mo. 182.   (10) The court will not reverse a judg-
ment for an error not called to the attention of the
trial court in the motion for a new trial.   Gardner v.
Met. St. Ry. Co., 223 Mo. 413.   (11) Two successful
trials in the same case are evidence of merit of respon-
dent's case.   In re Estate of Imboden, 128 Mo. App. 575
(12) Instruction No. 3 given by the court of its own mo-
tion was approved by this court.   Fogus v. Railroad.
50 Mo. App. 272.

HENRY S. CAULFIELD, Special Judge.—Suit for damages for personal injuries resulting to plaintiff in consequence of an earth embankment caving in upon him while he was working in a trench at the base. He recovered judgment for $4200 against the defendants, Central Illinois Construction Company and St. Louis Electric Bridge Company, and both of them have appealed. This is the second time the case has been here on appeal. [See 183 Mo. App. 415, 166 S. W. 1087.] The suit proceeds as for the breach of the obligation of the defendants, as plaintiff's employers, to exercise reasonable care to furnish him a reasonably safe place to work, and the petition avers, also, that defendants negligently sent plaintiff into a dangerous place to work without apprising him of the danger, though he was inexperienced and ignorant in the premises and defendants knew it. The answer of the Bridge Company was a general denial; that of the Construction Company contained a general denial, an admission that plaintiff was in its employ, a plea of assumption of risk and of contributory negligence. The defendant Central Illinois Construction Company offered no evidence. The defendant St. Louis Electric Bridge Company offered none, except a portion of plaintiff's testimony given on a former trial. The facts will sufficiently appear in connection with our disposition of the questions involved.

The defendants contend that the trial court erred in overruling their respective demurrers to the evidence. Under this head they suggest that, inasmuch as plaintiff's work had to do with the shoring up of the bank, by the caving in of which he was injured, he was engaged in making an unsafe place safe, and therefore the rule requiring the master to furnish the servant with a safe place to work does not apply. [Citing Henson v. Armour Packing Co., 113 Mo. App. 618, l. c. 621, 88 S. W. 166, and Miller v. Walsh, 145 Mo. App. 131, l. c. 135, 129 S. W. 458.] It is true that, when plaintiff was injured, he was engaged as a laborer in

digging a place opposite, but near, the embankment, in which, it was contemplated by defendants' foreman, the end of a plank should be inserted, with a view to shoring up the embankment, but it also clearly appears that plaintiff had no supervision or control over the work of shoring, no duty to inspect, no right to determine the time or manner of doing the work, was not his own boss, and was doing a mere detail of the work under the immediate control, orders and direction of the defendants' foreman, who had complete charge and control of the whole work. Under these circumstances the rule, urged upon us by defendants, that the master is not liable to the servant for injuries sustained while engaged in making a dangerous place safe, etc., has no application. [Corby v. Missouri & Kansas Tel. Co., 231 Mo. 417, 132 S. W. 712; Reid Coal Co., v. Nichols (Tex. Civ. App. 1911), 136 S. W. 847; Bloomfield v. Worster Construction Co., 118 Mo. App. 254, 94 S. W. 304; Hall v. Wabash R. R. Co., 165 Mo. App. 114, 145 S. W. 1169.]

Nor is there any room in this case for the suggestion that plaintiff, having knowledge of the danger, assumed the risk. The evidence tends to prove that plaintiff's injuries resulted from the defendants' negligence, and the servant never assumes the risk of the master's negligence. If the plaintiff had knowledge of the danger, then that is a fact to be considered under the plea of contributory negligence, but under that head such knowledge precludes a recovery only when the danger is so obvious that a man of ordinary prudence, under the circumstances, would have refused to do the master's bidding. [Wendler v. People's House Furnishing Co., 165 Mo. 527, 65 S. W. 737.] While the evidence tends to prove that, to the experienced eye, the wall was in immediate danger of falling and therefore the defendants' foreman was negligent in ordering plaintiff to work under it, without at least warning him of the danger, it also discloses that plaintiff was utterly inexperienced in the premises, and that the

danger was not so obvious to a man of ordinary prudence, under the circumstances, that we may declare him guilty, as matter of law, of negligence in not refusing to obey the order of his foreman. While he testified that he thought that the embankment was not safe, was dangerous, or that the defendants' foreman would not want to shore it, he also said that he did not *know* that it was dangerous; that he thought the foreman would not send him into the place if it was dangerous; that when they put him to work there he figured that it was safe. It appeared that the wall had stood as it was for some two months; and taken as a whole it may be inferred that while, in a general way, plaintiff concluded that the shoring was necessary in order to make the embankment safe, there is no conclusive, if any, showing that the imminence of the danger was obvious to him or should have been.

Defendants further contend that the following instruction, given by the trial court of its own motion assumes that defendants were negligent and authorizes a verdict for negligence not pleaded:

"In accepting employment in the service of the defendants, or either of them, for the performance of the work shown in the evidence, plaintiff assumed all the ordinary dangers and hazards pertaining to such work, and should the jury find from the evidence that the injury sustained by plaintiff, if any, was the result of an accident and not the negligence of the defendants, as explained in other instructions, liable to occur in the performance of the work in which he was engaged at the time of said accident, but was a risk incident thereto, then the plaintiff cannot recover, and the jury should find for the defendant."

This form of instruction was approved in the case of Fogus v. Chicago & A. R. R. Co., 50 Mo. App. 250, l. c. 272. It is favorable only to the defendants, and there is nothing in its language to indicate an opinion of the trial judge as to the facts. It does not assume that defendants were negligent.

Nor are we persuaded that it authorizes a verdict for negligence not pleaded. To say, as in effect this instruction did say, that plaintiff could not recover if defendants were guiltless of negligence, does not convey the thought that plaintiff might recover if defendants were guilty of any negligence "under the sun." That thought was not suggested by the instruction. The instruction does not authorize a verdict at all. It does not purport and could not be taken to state the circumstances under which plaintiff might recover, but in general terms, wholly favorable only to the defendants, merely narrowed the field for consideration by the jury. And the fact that another instruction gives the usual definition in general terms of "ordinary care" and states that "the omission of such care is negligence in the sense in which that word is used in these instructions" and the fact that the word "negligence" is literally used only in the instruction under consideration, do not alter our view above expressed.

The court did not err in admitting evidence of plaintiff's inexperience. The petition sufficiently alleges the dangerous and unsafe condition of the place in which plaintiff was put to work, that defendants knew, or by the exercise of ordinary care would have known, of such condition, and negligently sent him into the place to work without protection or notice of any kind, though he was ignorant and inexperienced in the premises, and defendants knew that he was, and that plaintiff was injured "by reason of the negligence of defendants *above mentioned.*" This was a sufficient statement to admit evidence of plaintiff's inexperience.

Defendants contend that the court erred in that part of the instruction on the measure of damages that allows the plaintiff to recover "the loss, if any, of the earnings of plaintiff's work as a laborer, which the jury may believe from the evidence plaintiff has sustained by reason of his injuries and directly caused thereby, such earnings, if any, to be based on the rate

not exceeding $2 per day." There was evidence that though plaintiff was employed as a laborer at $2 per day at the time he was injured, and that had been his vocation prior to his injury, he did subsequently do some work (the exact nature of which is not disclosed) in a small grocery store and also worked some "at the butcher business." And defendants contend in effect that his recovery should have been limited to the difference between what he actually earned and what he would have earned as a laborer. This appears to us to be drawing too nice a distinction in the use of language. It would seem that he could have suffered no greater "loss" in his earning as a laborer than the difference mentioned, and the jury must have so understood. If the defendants wished the instructions to be more explicit in the respect complained of they should have made a request to that end.

Defendants complain that the trial court refused an instruction directing that plaintiff could not recover for permanent insomnia. But the court did instruct the jury that they could not allow plaintiff anything for "permanent nervous injuries and shock," and we are of the opinion that that sufficiently excluded insomnia which is but a symptom of nervous injury and shock. Moreover, the defendants asked twenty-one instructions, a number so great as to tend to produce confusion and resultant error, and we are therefore not inclined to examine critically those refused.

The objection that the verdict is contrary to the instructions is not available to the defendants because it was not called to the attention of the trial court in the motions for new trial.

We have duly considered the other points suggested in defendants' brief and do not consider them worthy of extended discussion. They are without any substantial merit.

The judgment is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.