HATTIE A. BERRY et al., Appellants, v. KANSAS
CITY, Respondent.

**Kansas City Court of Appeals, January 27, 1908.**

1. **MASTER AND SERVANT: Working Place: Pleading: Defective Petition: Knowledge of Danger.** A petition set out in the opinion declaring on a failure to furnish the servant a safe place to work is held fatally defective, since it shows the servant knew the danger of the place and objected thereto not because it was unsafe but unpleasant; and the danger alluded to was one assumed by the servant by continuing in the employ.

2. ——: ——: ——: ——: ——: **Physical Facts.** In considering a demurrer, allegations of fact are taken as true, but mere statements of conditions will be controlled by the facts clearly appearing in the entire pleading; and a statement contradicting established knowledge will not be accepted as true.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*William H. England* and *Dwight M. Smith* for appellant.

(1) The respondent was guilty of negligence in placing and maintaining the water so near the track that it was dangerous to employees who in the performance of their duties might be struck by passing trains. Charlton v. Railroad, 200 Mo. 413, 98 S. W. 529; Railroad v. McDade, 191 U. S. 64, 48 Law Ed. 96; Railroad v. Michaels, 57 Kan. 474; Railroad v. Thompson, 94 Ala. 636, 10 So. 280; Railroad v. Davis, 92 Ala. 300, 9 So. 252; Trust Co. v. Railroad, 73 Fed. 661; Withee v. Traction Co., 98 Me. 61, 56 A. 204; Railroad v. Mansell, 138 Ala. 548, 36 So. 459; Murphy v. Railroad, 115 Mo. 111; Railroad v. Thompson, 210 Ill. 226, 71 N. E. 328; Kellerher v. Railroad, 80 Wis. 584. (2) As the water meter in question was not so near the track as

to be conspicuously dangerous, the deceased was not guilty of contributory negligence in assuming that it would not injure him and continuing to perform his duties. Neither did he assume the risk, as it was not incident to his employment, but the result of the negligence of his employer. Charlton v. Railroad, 200 Mo. 413; Lee v. Railroad, 92 S. W. 614; Emporia v. Kowalski, 66 Kan. 64; Rouse v. Ledbitter, 56 Kan. 348; Minmer v. Railroad, 167 Mo. 99; Lawrence v. Heidbreder, 93 S. W. 897; Phippin v. Railroad, 93 S. W. 410; Curtis v. McNair, 173 Mo. 280. (3) The question of the contributory negligence of the deceased was under the circumstances properly a question for the jury, and not for the court as a matter of law. Charlton v. Railroad, 200 Mo. 413, 98 S. W. 529; Boland v. Kansas City, 32 Mo. App. 14; Dixon v. Railroad, 109 Mo. 413; Barry v. Railroad, 98 Mo. 62; Thompson v. Railroad, 86 Mo. 141; Owens v. Railroad, 84 Mo. App. 143.

*Edwin C. Meservey,* City Counselor, and *Chas. M. Bush,* Assistant City Counselor, for respondent.

(1) The court committed no error in sustaining defendant's demurrer to plaintiff's petition. Deceased was negligent in allowing his head to come in contact with the car, and if he attempted to read the meter while a train was passing he assumed the risk of so doing. Raines v. Railroad, 71 Mo. 167; McDermott v. Railroad, 87 Mo. 295; Thompson v. Railroad, 86 Mo. App. 141; Parsons v. Packing Co., 96 Mo. App. 372; Beckham v. Brewing Co., 98 Mo. App. 560; Cothron v. Packing Co., 98 Mo. App. 343; Alcorn v. Railroad, 108 Mo. 81; Steinhauser v. Spraul, 127 Mo. 541; Lucey v. Oil Co., 129 Mo. 39; Nugent v. Milling Co., 131 Mo. 241; Holloran v. Iron & Foundry Co., 133 Mo. 476; Glover v. Bolt Co., 153 Mo. 327; Epperson v. Cable Co., 155 Mo. 373; Roberts v. Tel. Co., 166 Mo. 378; Holmes v.

Brandenbaugh, 172 Mo. 53; St. Louis Cordage Co. v. Miller, 126 Fed. 495. (2) Deceased was guilty of contributory negligence in reading the meter at a time when trains were passing, and he unnecessarily exposed himself, for which there is no cause of action against the defendant. Ranis v. Railroad, 71 Mo. 167; Moore v. Railroad, 146 Mo. 582; Harff v. Green, 168 Mo. 312; Goer v. Brewing Assn., 167 Mo. 157; Mathis v. Stock Yards Co., 185 Mo. 455.

ELLISON, J.—Plaintiffs are the minor children of Thomas E. Berry, deceased. Their father was an employee of the defendant city as examiner of water meters and while engaged in that employment was killed by a railway train, the meter being located close by the track. The mother of the plaintiffs did not begin suit within six months, whereby the cause of action (if any) passed to the plaintiffs. There was a demurrer to the petition on the ground that it did not state facts sufficient for a cause of action. The demurrer was sustained and plaintiffs refusing to amend, judgment was rendered for defendant.

The substance of the petition, omitting formal allegations, is that the defendant city owned its own water plant; that on the 20th of March, 1906, and prior thereto, deceased was in the employ of the city to read and inspect water meters; that it was the duty of the city to locate its meters in a place where it would be reasonably safe for its servants in reading and inspecting. That notwithstanding such duty, it located a meter within the yards and on the property of the Union Pacific Railway Company and in such close proximity to the tracks of said railway that it was not a safe place. That the meter was in a box three feet square set in the ground so that the top of the box was level with the surface. That it was between a coal box and the railroad tracks; that the coal box was six feet long, two feet wide and three feet high. That the meter box

was covered with a lid on hinges and opened back from the track against the coal box.     That the end of the meter box was within six inches of the ties and twenty-two inches of the rail, so that ordinary cars would extend six inches over the meter box.     That the city knew the meter was located in an unsafe place and that deceased did not know that it was located in an unsafe place.     That on the 20th of March, 1906, while deceased was working in such unsafe place in his employment of reading the meter, he was struck on the head and killed by a moving railway car on the track aforesaid.     The petition then further stated that deceased had been reading meters for defendant for a number of years, but until a short time prior to his death, this service was rendered in the residence districts of Kansas City and that he objected to being transferred to read meters in the railroad yards, but that defendant's agents led him "to believe that such transfer was to be only temporary and that in a short time he would not be required to go into said railroad yards, but would be retransferred to his old route in the uptown residence district, whereby he was induced to remain in the employ of said city."

The petition makes it clear that the deceased knew everything there was to know about danger of reading a meter situated close to a railway track.     In addition to this it is not alleged that he objected to being transferred to the railroad yards on account of danger, and it is not alleged that it was promised he should be retransferred "up-town" on account of danger in the yards.     For aught that appears he considered the residence districts not a safer, but a more pleasant place to work.     The deceased was not injured by defendant, or any agency over which defendant had any control, and the fact that he, an experienced man, was employed in doing work at a place where it was dangerous does not show any negligence in defendant.     It is not neg-

ligence merely to employ men to work in places known to them to be dangerous. If it were, a vast part of the employments of life would be given up. It is a risk the servant assumes with his understanding informed and his eyes open. If liability could attach under the allegations of the petition, then he who should employ a teamster to drive a vehicle over streets crossed by steam or street railways would be liable for their mishaps from such roads. It would establish a dangerous precedent to sustain so frail a case as this. As stated by counsel, a street sweeper, while in the discharge of his duty by the side of a street railway, if struck by a passing car; or a trench digger run over by a passing wagon, would have equally as reasonable ground for action as these plaintiffs.

We have not overlooked the statement in the petition that the deceased did not know the place was unsafe. While in considering a demurrer allegations in a petition are accepted as true, yet when there is a mere statement of a conclusion, it will be controlled by the facts which clearly appear from the entire pleading. Nor can a statement be accepted as true which, on its face, is contrary to established knowledge. An allegation that a man of experience and intelligence did not know that fire would burn, that water would run down hill, or that it was unsafe to work within twenty-two inches of the rail of a railway track upon which he knew cars were operated which he knew extended out greater than that distance, is a legal absurdity, palpably untrue, and, as a matter of law, will not be accepted as a fact.

Cases like this stated in the petition are rare. None of such character are cited. But the principle often stated by the Supreme Court, when applied to the facts stated, leave the plaintiffs without standing. [Bradley v. Railroad, 138 Mo. 302; Roberts v. Telephone Co.,

166 Mo. 378; Nugent v. Milling Co., 131 Mo. 241; Holmes v. Bradenbaugh, 172 Mo. 65.]

The judgment is affirmed.    All concur.