Gloria Lane HOWELL, Plaintiff-Appellant,

v.

Keith L. DOWELL, Defendant-Respondent.

No. 24677.

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1967.

Arthur C. Popham, Sr., E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for appellant.

William A. Rundle, Jr., William J. Thompson, Morrison, Hecker, Cozad & Morrison, Kansas City, for respondent.

L. F. COTTEY, Special Judge.

Plaintiff was injured when defendant Dowell's automobile, in which she was riding as a guest, was struck by defendant McConn's automobile at a street intersection. She charged both with negligence in causing the accident. The jury found the charges against McConn to be sustained and returned a verdict against him from which he has not appealed. Dowell fared better; the jury absolved him. Plaintiff appeals, assigning error in the exclusion of evidence in two instances: (1) the rejection of a proffered excerpt from Dowell's answer, (2) the refusal to allow her to elicit from Dowell, on cross-examin-

ation, a concession that she was not to "blame" for the accident. Of the first.

Dowell's separate answer categorically denied all charges of negligence laid against him in the petition. Coupled with his denials was a plea of contributory negligence in this language: "That if plaintiff sustained any injuries at the time and place referred to in her petition for damages, that said injuries were caused and/or contributed to by her own careless and negligent acts and omissions."[1] No effort was made to substantiate that issue at the trial and no submission of it was requested. Nevertheless, the fact that the plea was made is the thing to which our attention is first and most insistently directed on this appeal. The point arose this way. Plaintiff offered the quoted portion of defendant's answer in evidence and asked leave to read it to the jury, claiming that it "constituted an admission by Dowell against his interest which was inconsistent with his trial claim of freedom from negligence," because, as the proposition is phrased in her brief, "contributory negligence of a plaintiff *necessarily presupposes negligence of the defendant.*"[2] In other words, by pleading contributory negligence on plaintiff's part, Dowell implicitly admitted his own negligence, and the pleading containing that admission should have been received in evidence.

Plaintiff argues the effect of the plea from two points of view: 1st, as an inference of fact to be drawn from the circumstances under which it was made, 2nd, as an implication of law arising from the fact it was made.

Her first argument takes this line: (1) she was a guest in Dowell's automobile, charged only with the duty of exercising ordinary care for her own safety;

---

1. No acts or omissions were set out, nor was any motion made to strike the pleader's conclusion or to require him to specify a basis for it. Absent such an attack, the plea has been held sufficient. State ex rel. Shell Petroleum Corporation v. Hostetter, 348 Mo. 841, 156 S.W.

2d 673, 677; Martin v. Turner, Mo., 306 S.W.2d 473, 477; Picarella v. Great Atlantic & Pacific Tea Co., Mo.App., 316 S.W.2d 642, 646.

2. All italics appearing in this opinion are our own unless otherwise indicated.

(2) so far as the evidence discloses, there was no way she could have neglected that duty except by failing to see the McConn car in time to have given Dowell an effective warning of its approach and, thereby, an opportunity to avoid the collision; (3) since her failure to do so is the only logical basis for charging her with contributory negligence, it must be assumed that the plea was directed to that omission; (4) but if plaintiff's failure to see the McConn car was a breach of ordinary care on her part, then it was a significantly more culpable breach on Dowell's part not to have seen it himself in the exercise of the highest degree of care, so as to have obviated the necessity for any warning; consequently (5), the circumstances that prompted his complaint of her conduct reflect discreditably on his own, and the jury was entitled to see it in that reflected light.

■ One trouble with that argument is that only step 1 of it is based on the evidence; all its other conclusions depend for their plausibility on the absence of evidence to contradict them. The abbreviated transcript on which the parties have submitted this appeal does not disclose whether plaintiff ever saw, or was in a position to see, the McConn car, or, for that matter, that she failed to warn Dowell of its approach. To supply the omission an *assumption* of those facts is made in step 2, and adroitly developed in step 3 as the basis for the plea. But the assumption is neither evidence nor the legitimate offspring of evidence. It is simply an argumentative hypothesis which the evidence does *not refute,* advanced as an inference of fact to beguile us down the path of speculation. If the skeletal plea in this case is to be fleshed out with conclusions of that sort, to give it the substance and weight that plaintiff claims for it, then there is no limit to the number of them from which a selection can be made. To illustrate: The record does *not exclude* the possibility that in spite of the accident plaintiff would have sustained no injury had she exercised due care to

protect herself from it by fastening her seat belt, or by using some other available safety device. If we are to resort to conjecture for some circumstance that might have prompted Dowell's plea, it would seem just as plausible to assume that it was prompted by an omission of that kind as by her failure to warn him of the impending collision. The example reminds us again that imagination is not a substitute for evidence. In candor, however, we cannot reject the argument on that ground without a further explanation, for this reason. At the close of plaintiff's case defendant moved for a directed verdict, asserting that "plaintiff was guilty of contributory negligence as a matter of law in failing to give this defendant a warning of the approaching vehicle driven by defendant McConn." Plaintiff says the motion confirms her view of the circumstances that prompted the plea. But that is not true, in any real sense. The motion *admits* nothing; by no standard can it be regarded as a judicial admission. Nor is any principle of estoppel involved. Plaintiff has not been misled by the motion to her detriment; on the contrary, she seeks an advantage from it. And since it was not offered in evidence we may not accord it any evidential value. We are in the same position, therefore, as though the motion had never been made. It is an argumentative diversion of no evidentiary significance. That brings us back to the fact that the basic assumption in plaintiff's argument is unwarranted, and when it falls all subsequent and dependent deductions fall too, domino style.

The argument must be disallowed for another reason. Dowell's answer contains no admission of negligence *in terms*; his denials of it are explicit. In those circumstances it is not possible to *infer* his negligence "without creating a repugnancy to the express language of contrary import contained in the pleading." This we may not do. "It is elementary that no construction is permissible which would give an inferential meaning to a pleading con-

tradictory to its express averments." Rawlings v. St. Louis & S. F. R. Co., Mo., 175 S.W. 935, 940.

Plaintiff's second approach does away with the necessity of construing the plea, inferentially or otherwise, and thus avoids the shoal of the Rawlings case. Its guiding star is the fact that the plea *was made*; nothing else matters. That fact alone raises an implication of law—"necessarily presupposes," so the argument runs—that the pleader himself was negligent. No authority is cited in direct support of that proposition, but it is not altogether a novel one. Its basic premise seems to have been suggested by the early case of Payne v. Chicago & A. R. Co., 129 Mo. 405, 31 S.W. 885, 888, where, by what was afterwards termed a "refinement in technical reasoning," it was said, "It is clear there could be no contributory negligence unless there was also negligence of defendant to which that of plaintiff *could contribute*." Further refinement led to this concept: "The term 'contributory negligence' necessarily presupposes negligence for which defendant is responsible, which would of itself sustain an action but for the concurrence of the negligence of the plaintiff." Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, 533; Tribout v. Kroger Grocery & Baking Co., Mo.App., 191 S.W.2d 261, 263; Floyd v. Thompson, 356 Mo. 250, 201 S.W. 2d 390, 393; 65A C.J.S. Negligence § 116, p. 23. Plaintiff's present argument is launched from that base. But no court has ever followed the flight of its logic to the extremity of holding that a plea of contributory negligence is made at the pleader's peril, to be used against him as an admission of his own fault despite his denials of it.

In fact, one way or another on at least four occasions, though never as directly as here, the point has been raised that a defendant's "plea of contributory negligence *admits* negligence in said defendant," and on each the courts have disposed of it in a way to delight the hearts of those who clamor for short opinions by saying, typi-

cally, "To this we cannot give our assent." Harbacek v. Fulton Iron Works Co., 287 Mo. 479, 229 S.W. 803, 807; McDonald v. Morrison Plumbing & Sheet Metal Co., 209 Mo.App. 23, 236 S.W. 418, 420; Peterson v. Metropolitan Street Ry. Co., 211 Mo. 498, 111 S.W. 37, 43; Kleinlein v. Foskin, 321 Mo. 887, 13 S.W.2d 648, 654. The reasoning may not be instructive but the results are. These cases, when considered with those that speak of negligence as a presupposed concomitant of contributory negligence, lead to one conclusion, viz., that it is the *fact* of a plaintiff's contributory negligence and not the mere *pleading* of the fact that raises the implication of the defendant's own negligence. The *fact* must appear before any implication can arise from it. It follows that if plaintiff offered the plea in this case as a substitute for the fact, it was properly rejected, the plea being insufficient by itself to raise the desired implication. And if she offered it as proof of the fact, then the offer was inconsistent with her own trial theory of freedom from contributory negligence; indeed, by vouching for the truth of the fact in order to get the benefit of its implication, she would have set herself out of court. Thus in neither event can she complain of its rejection.

A thought suggested by the Kleinlein case deserves some further attention. The only basis for the reception of an admission against interest, of course, is its inconsistency with the position taken at the trial by the party against whom it is offered. Albertson v. Wabash R. Co., 363 Mo. 696, 253 S.W.2d 184, 189–190; Wigmore, Evidence, Third Edition, Vol. IV, Sec. 1048, pp. 3–5. But a defendant's denial of the negligence charged against him, and a plea of contributory negligence, "although both are pleaded and joined in a single answer, do not constitute *inconsistent defenses*." Kleinlein v. Foskin, supra, 13 S.W.2d 654; Alexander v. Barnes Gro. Co., 223 Mo.App. 1, 7 S.W.2d 370, 373; McDonald v. Central Illinois Const. Co., 183 Mo.App. 415, 166 S.W. 1087, 1089; 65A C.J.S. Negligence,

§ 198(3), p. 407. Inasmuch as Dowell's plea in this case was not inconsistent with his "trial claim of freedom from negligence," *as a pleading*, we are unable to understand how it could have acquired that quality simply by being offered as an exhibit in evidence. Surely the leopard cannot so easily change his spots. Contrary to plaintiff's apparent assumption, the defense in this case "is not a pure plea in confession and avoidance," and it is a mistake to regard it as such when coupled with a denial of the negligence charged in the petition. 65A C.J.S. Negligence § 198(1), p. 400, and § 198(3), p. 407.

█ We conclude that the offer of Dowell's plea as an admission against his interest was properly rejected. And since its reception for *impeachment* purposes de-depends on that same quality of inconsistency which we have found not to exist— that is, "some real inconsistency" between the impeaching material and "defendant's position upon trial," State ex rel. State Highway Commission of Missouri v. Fenix, Mo.App., 311 S.W.2d 61, 64–65—we must disallow the further claim that it was admissible for that purpose. That the objection to the offer was vague is of no consequence; it is never error to sustain a general objection to improper evidence. Hill v. Johnson, Mo.App., 178 S.W.2d 801, 803; White v. Hasburgh, Mo.App., 124 S.W.2d 560, 565; 88 C.J.S. Trial § 124(b), p. 251.

█ Plaintiff's assignment (2) complains of the court's action in sustaining objections to two questions put to Dowell on cross-examination: "Do you blame her in any way in the world for what happened to her?" and "Did you ever tell these lawyers that you blamed her in any way?" It is not a complete answer to say that both questions call for a conclusion which no witness would be allowed to express. The point lies deeper. This witness was a *party*. His extra-judicial admissions are competent evidence against him even though in the form of conclusions as to the ultimate fact at issue. Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618, 621; Donnelly v. Goforth, Mo., 284 S.W.2d 462, 465; Huelsmann v. Johnston, Mo.App., 213 S.W.2d 641, 643. Why then, plaintiff asks, may he not be interrogated on the stand for the purpose of eliciting admissions of like character from him? The academic quibbles provoked by the question in that form are not likely to lead to its answer. Let it be asked this way: Shall we permit the cross-examination of a party, at such length as the ingenuity of counsel can contrive, on the chance that an admission can be extracted from him in the form of a conclusion as to the ultimate issue before the jury, either that he was to blame for the accident or that his adversary was not, and, as a predictable concomitant, allow such further and alternate interrogation of him as may be deemed necessary on the one hand to explain and qualify whatever he may be brought to say, and on the other to discredit his explanations, and, at the end of it all, have nothing more substantial to show for the effort than his personal opinion on a mixed question of law and fact, when of the first ingredient he must be utterly ignorant and of the second the likely victim of every frailty of judgment that commonly afflicts the untrained mind? Here would surely be a winnowing of wheat to get chaff for the jury. Consider further that "blame" for an accident, like the negligence assigned as its cause, is not susceptible of determination by any rule of thumb applicable in all cases; "an act or omission which would clearly be negligent in some circumstances might not be negligent in other circumstances or surroundings." Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 55. "(T)he important question for the jury in any negligence case is to determine what is reasonable and ordinary care" in the particular circumstances shown. Cumming v. Allied Hotel Corp., Mo.App., 144 S.W.2d 177, 181. That determination is not to be made by reference to a party's "own personal judgment in the situation." Beahan v. St. Louis Pub. Serv. Co., Mo., 237 S.W.2d 105, 107.

"The standard of conduct exacted by the law is an external and objective standard and not the judgment of the individual actor, be it good or bad." Dixon v. General Grocery Co., Mo., 293 S.W.2d 415, 421; Hodges v. American Bakeries Co., Mo., 412 S.W.2d 157, 162. Now, it is one thing for a party to volunteer a curbstone opinion on that complex subject in informal conversation, and to allow it to be received in evidence as an admission against his interest for what it is worth, and quite a different thing to extract it from him involuntarily in the course of the trial, when from the solemnity of the occasion on which it is expressed it would be certain to take on a significance out of all proportion to its worth, and thus invite a decision by standards which the law rejects. At any rate, for those reasons or better ones, our courts in enforcing the ban against testimonial conclusions have drawn no distinction between a witness and a party, and a contrary rule, however logical in theory, would be disruptive in practice.

The assignment is disallowed and the judgment affirmed.

All concur.